## SAMUEL HUBBARD v. DAVID B. AUSTIN.

A division in fact, made by the proprietors of a town before the date of the charter, if acquiesced in subsequently by all the proprietors, for a great length of time, may be good, and the book, containing such division, may be evidence thereof.

Where the owner of a lot of land, regularly laid out, is in possession of any part, he is considered as constructively in possession of the whole; and while he is in possession, if any one, without color of title, enters into possession of another part of the lot, he cannot be considered as in joint possession of the whole lot with the owner, so as to acquire a title to the lot adversely to the owner.

THIS was an action of trespass on the freehold. Plea general issue, and trial by jury.

The trespass was alleged to have been committed on lot No. 2, range 2, in the town of Franklin, supposed to contain one hundred and forty acres. On the trial in the county court, the plaintiff, in order to show title to said lot, gave in evidence the charter of said Franklin, dated March 19th, 1789, by which it appears that the plaintiff was an original proprietor. The plaintiff then offered a book, purporting to be the records of the original proprietors, to show a division of the lands into severalty, which division appeared to have been made on the 18th day of March, 1789. This was objected to on the ground that the division, if any, was made before the charter was granted.

The plaintiff then introduced Philip Gates, who then was, and had been for ten years, town clerk of Franklin, who testified that the book had always been kept by him, and, as far as he had known, it had been treated and acted upon as the division of the town; that he had always lived in town, but did not know that the particular proprietors recognized the division, or that any of them had disputed it. The plaintiff further introduced John H. Hubbard, who testified that he had never known the division questioned, that the plaintiff had been town clerk before Gates, and had the custody of the book, until he was succeeded by Gates. The book was thereupon admitted, which showed this lot set to the right of the plaintiff.

The plaintiff then offered evidence tending to show that the defendant cut upon and towards the south west part of said lot, a number of pine trees, part of which were taken away by him.

The defendant then offered evidence tending to prove that he entered into possession of said lot, 17 or 18 years ago, that he erected a log house and blacksmith shop, and subsequently a framed barn on said lot, all on the north east part of said lot, and that he had lived on said lot during the time aforesaid ; that he commenced clearing land on said lot, and that, at the time of the trespass, his clearing extended from the northerly line along the easterly side of said lot from 133 to 135 rods, by actual admeasurement, towards the southerly end of said lot, which improvement was from 40 to 25 rods wide ; that he had repeatedly been upon the other parts of said lot, sugaring on the same, cutting timber for his buildings, cutting rail timber at various times, cutting timber and making coal on different parts of said lot, cutting timber and making shingles, cutting timber to make and making ashes, selling timber to make ashes, which last was taken from the southwesterly part of said lot.

And the defendant introduced further evidence tending to prove that there was a clearing, occupied by him, of two or three acres, near the north west corner of said lot, which had been made before he went into possession.

To rebut this evidence, the plaintiff offered testimony to show, from the concessions of the defendant, that he purchased of the plaintiff twenty-five acres, to be taken from the north east corner of said lot, that no deed of this land was executed from the plaintiff to the defendant, but that he went into possession under an agreement with the plaintiff that the defendant was to have the twenty five acres, and the privilege of going upon the other parts of the said lot for the purpose of getting his fire wood and timber for his buildings ; that the defendant said he was cutting the timber in question to build him a house, and also said he was cutting it to sell and raise money, and there was further evidence tending to show the latter fact.

And the plaintiff introduced evidence further tending to show, that one Fuller had made sugar on the lot, under the plaintiff, for 13 or 14 years successively, and till shortly before the bringing of this suit ; that the plaintiff had cut a mill shaft upon said lot, and that he had cut and taken off rails and some other valuable timber at different times, and had,

for many years, treated it as a timber lot for valuable timber.

Upon this evidence, the court charged the jury, that the plaintiff, having shown a good title to the said lot, would, if they found the trespass committed by the defendant as alleged in the declaration, be entitled to recover, unless the defendant had shown himself in possession of the lot; that the defendant's going into possession of the 25 acres, to be taken from the north east part of the lot, gave him no possession of the rest of the lot, though he had cleared and occupied beyond the limits of the 25 acres; that, as the defendant showed no deed describing the extent of his claim, his going on to the lot in the manner. proved would not prevent the plaintiff from maintaining his action; that if the jury found by the terms of the original agreement that the defendant had a right to take from other parts of the said lot, than the 25 acres, timber for building and fire wood, yet the defendant must keep within it, and, if the timber in question was taken for any other purpose, the defendant would be a trespasser, and the plaintiff would have a right to recover.

Verdict and judgment for plaintiff.    Defendant excepted.

*O. Stevens* and *S. S. Brown,* for defendant.

1. The book, purporting to be the proprietors' records, ought not to have been admitted, because, from the book, it appears that their clerk was appointed and the division of the town made before there was any grant of the township, and all the evidence of any division whatever was the certificate of this pretended clerk.

The proprietors could not make a division before they had procured a charter.    Their acts were of no more validity than the acts of any other persons.    Had the division been made by a company of squatters, it would have had the same validity.

2. The facts show the defendant in possession of the whole lot.    He had cleared and inclosed beyond the limits of the 25 acres, and had been in the occupancy of the whole lot, and the plaintiff could have recovered in ejectment for the whole.    If so, he cannot maintain trespass.

3. If the defendant was in possession of a part of the lot, under an agreement that he might take his firewood and building timber from any part of the lot, if he took timber for any other purposes, it might be a breach of the agreement, but could not be a trespass.

*H. R. Beardsley*, for plaintiff.

I. The proprietors have always acquiesced in the division. If so, it cannot now be objected to as between the proprietors themselves; and much less ought a mere stranger to be permitted to question it.

II. The court properly charged the jury in reference to the facts stated in the exceptions.

1. The case shows, that the trespass was committed on the south west part of the lot, and where the defendant had never improved or occupied. If so, inasmuch as his possession of any part of the lot, except the 25 acres in the north east corner, was a mere naked possession, not under color of title, and not defined or limited by deed or otherwise, it would not give him constructive possession over any other part of the lot, but he would be limited by his actual occupancy, which did not cover the *locus in quo*.

In this particular, then, the charge of the court was correct.

2. The right, which the defendant had to cut fire wood and building timber on any part of the lot, did not give him a right to cut timber for any other purpose, and if he abused or transcended that right which the plaintiff gave him, by cutting and carrying away timber to sell, he must be regarded as much a trespasser as any other person.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—Two questions are presented in this case, one on the admission of the book purporting to be records of the original proprietors, the other on the charge of the court.

The book was not evidence of a legal division. The proprietors were not a corporation before the date of their charter. But as a division in fact, it was properly admitted. It was not uncommon for proprietors to petition for a grant of land under the authority of the state, and, on a resolution being passed in favor of the grant, to act as proprietors and make division of their lands before their charter was issued. The division made in the town of Franklin, under which the plaintiff claims, appears to be the only division ever made of the lands in that town. No proprietor has ever questioned its legality, but it has always been treated and acted on as the division of the lands in that town. As evidence of a divis-

ion in fact, particularly against a stranger, the book was proper and legal evidence.

On the other question, as to the charge, it is sufficient to remark, that the plaintiff having proved a title and also a possession of the lot in question, the several acts relied on by the defendant did not show him in possession any further than the extent of his actual clearing. He claimed no title to the whole lot, and cannot have any other than an actual possession, so far as his clearing extended. When the owner of a lot, who has an undisputed title, is in actual possession of any part, a mere trespasser, without any claim of title, cannot be treated as in possession, either adversely to or jointly with the owner by doing the acts which the defendant did in the case before us ; and although they might have been considered as acts or as evidence of possession, if he had a claim of title to the whole lot, and might have been a disseisin of the owner, yet they were not of that character when the owner was in actual possession, as the plaintiff was in the case before us.— The judgment of the county court is, therefore, affirmed.