MARY K. SULLIVAN, by Guardian, etc., Respondent, *v.* MARY SULLIVAN et al., Appellants.

66    37
159   108
66    37
163   218

Although remaindermen and reversioners may be made parties defendant in an action for partition, they cannot institute the action, at least as against others not seized of a like estate in common with them. The right is only given to one having actual or constructive possession of the lands sought to be partitioned. A remainderman has neither, but simply an estate to vest in possession *in futuro.*

As to whether remaindermen having undivided interests may compel a

partition as between themselves, leaving the tenants entitled to the possession undisturbed, *quære.*

*Blakeley* v. *Calder* (15 N. Y., 617) distinguished and limited.

*Howell* v. *Mills* (56 N. Y., 226) distinguished.

*Sullivan* v. *Sullivan* (4 Hun, 198) reversed.

(Argued April 7, 1876; decided April 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered on the report of a referee. (Reported below, 4 Hun, 198.)

This was an action for partition. On the 24th day of April, 1870, the premises in question were owned by John Sullivan and by defendant Thomas Sullivan as tenants in common. On that day said John Sullivan died, leaving a will, by which he devised the premises to his widow, the defendant Mary Sullivan, for life, with remainder to the plaintiff herein. The referee decided that the action could be maintained, and directed judgment for a sale of the premises.

*Esek Cowen* for the appellant. A remainderman cannot commence an action of partition even when he holds as a tenant in common with others. (*Brownell* v. *Brownell*, 19 Wend., 367; *Van Schuyver* v. *Mulford*, 59 N. Y., 426; 1 Washb. on R. P., 562; *Blakeley* v. *Calder*, 15 N. Y., 626.)

*Martin I. Townsend* for the respondent. Plaintiff could commence an action for partition. (*Blakeley* v. *Calder*, 13 How. Pr., 479; 15 N. Y., 617; *Howell* v. *Mills*, 7 Lans., 193; 56 N. Y., 226.)

ALLEN, J. Originally, partition could only be enforced between co-parceners, but by statute in England, as early as the thirty-first of Henry VIII, compulsory partition was allowed between joint tenants and tenants in common of any estate or estates of inheritance in their own rights or in the right of their wives; and by a further act, passed the thirty-

second year of the same reign, it was allowed, where some of the tenants had estates for a term of life or years with others that had estates of inheritance or freehold in lands. But it was only allowed where there was an actual tenancy or holding of the parties to the writ, and where any of the parties were seized or possessed of a particular estate for life or years, the partition was necessarily as to such parties temporarily, only and commensurate with their estates. To make the partition absolute another writ against the remainderman was necessary when his estate fell into possession. (Allnatt on Partition, 32 *et seq.* ; *Cole* v. *Aylott*, Litt. R., 300 ; Broome & Had., Com., 71.)

A writ of partition would not lie at the instance of a remainderman seized of an estate subject to a term for the life of a tenant in possession. If an action for partition will lie at the suit of one in remainder it must be by virtue of the statutes regulating the proceeding for partition in this State. Prior to the Revised Statutes it was well understood that to entitle one to institute proceedings for a partition of lands he must be in the actual or constructive possession of the lands sought to be partitioned. There are obvious reasons why a remainderman should not, especially as against tenants in possession, whether of a term for years, for life or in fee, be entitled to institute the proceeding. Any partition which might be made at his instance, although equal when made, might be very unequal when his estate should vest in possession. So, too, if actual partition could not be made, and a sale should be necessary, the tenants having a less estate than a fee might be deprived of the substantial benefit of their terms. (*Brownell* v. *Brownell*, 19 Wend., 367 ; *Clapp* v. *Bromagham*, 9 Cow., 530 ; *Burhans* v. *Burhans*, 2 Barb. Ch. R., 398.) Since the Revised Statutes, although not expressly decided, the impression has been that none but a tenant in actual possession, or having the right of possession, and the constructive possession, could maintain the action. (*Florence* v. *Hopkins*, 46 N. Y., 184 ; *Van Schuyver* v. *Mulford*, 59 id., 426.) The question was not involved and

was not decided in *Blakeley* v. *Calder* (15 N. Y., 617), or *Howell* v. *Mills* (56 id., 226). In those cases the decision was merely that the court whose judgments were called in question, collaterally in the first case, and directly in the last, had general jurisdiction of proceedings in partition, and had acquired jurisdiction of the parties by service of process and by appearance, and that, therefore, the judgments were not void. In the last case the question now presented was not raised by an exception taken at the trial, and was not considered by the court. It is true that in *Blakeley* v. *Calder*, a distinguished judge, whose opinions are entitled to great weight, argued that under the Revised Statutes a remainder-man might maintain the action, and in his views three other members of the court appear to have concurred; but the judgment of the court did not sustain his conclusions. That case, however, is to be distinguished from this in this, that the action was brought by one remainderman against some fourteen other individuals seized of a like estate in remainder and in common with him. It is not necessary to consider whether remaindermen, having undivided interests, may compel a partition as between themselves, leaving the tenants entitled to the possession undisturbed in their rights and interests, although I can find no precedent for it or authority in the statute as I read it. The statute (2 R. S., 317, § 21) authorizes a partition where several persons shall hold and be in the possession of any lands, etc., as joint tenants or as tenants in common, and permits any one or more of such persons to make application by petition for partition. By sections 5 and 6, every person having an interest in the lands, including persons entitled in remainder, may be made parties. And subsequent provisions of the statute, especially sections 35, 36 and 66, make the judgment conclusive upon the parties thereto, including remaindermen, and in case of a sale, provide for the investment of the proceeds for the benefit of those entitled. These provisions are all consistent with the position of the defendants here, that while remaindermen and reversioners may be made parties defendant in the proceed

:ng, they may not institute an action or inaugurate proceedings for a partition. Section sixteen is inconsistent with the claim of a remainderman or reversioner, or other party out of possession to bring the action. It permits the defendants to plead that the petitioners or any of them were not, at the time of commencing the proceedings, in possession of the premises or any part thereof. Effect was given to this section, as well as to the limitations of section 1 of the act, in *Van Schuyver* v. *Mulford*, and *Florence* v. *Hopkins* (*supra*). The act of 1847, chapter 430, section 5, which is cited in *Blakeley* v. *Calder* as a part of the Revised Statutes, and again as a part of the law of 1847, and as supplementing the Revised Statutes, has full effect by restricting the right to bringing an action for partition to one in actual or constructive possession of the lands sought to be partitioned. The language of the Revised Statutes is very explicit, and gives the right of action only to those who hold and are in possession of lands, etc., as joint tenants or tenants in common. The revisers did not intend to relax the rule which they regarded as established, and were of opinion that the policy of the act would be promoted by requiring that the petitioners should be actually in possession of some part of the premises. They regarded that as settled by *Bromagham* v. *Clapp* (*supra*), and the intent was to give effect to that decision. (Rev. notes, 5 Stat. at Large, 443.) The most liberal interpretation that can be given to the term joint tenants or tenants in common " holding and in possession " of lands, etc., will require at least a constructive possession in the individual seeking to avail himself of the act. A tenant implies a holding and possession of lands as distinguished from a mere valid claim of right or an estate to vest in possession *in futuro*. (*Clift* v. *White*, 2 Kern., 519, *per* MARVIN, J.) It is not claimed that a joint tenancy existed between any of the parties to this action. The distinctive feature of a tenancy in common is unity of possession. (2 Bl. Com., 161.) A possession is something more than a mere right or title whether to a present or future estate. It implies a present right to deal with the property at pleasure and to

exclude other persons from meddling with it.   Actual possession is the actual exercise of such present power by the owner. Constructive possession may exist without an actual *pedis possessio*, where there is a present right and the possession is either vacant or is consistent with the right of the owner to an immediate and actual possession by himself.   One in actual or constructive possession may maintain trespass or other possessory action.   There can be no possession, actual or constructive, by an owner of an estate in lands without at least the right to actual possession as against every other person. *Hubbard* v. *Austin* (11 Vt., 129) is an instance of constructive possession giving the owner the right to a possessory action.   There was no tenancy in common by the plaintiff with either of the defendants, and the plaintiff did not hold and was not in possession, either actually or constructively, of any part of the lands sought to be partitioned.   We think it too well settled by authority, as well as upon principle, that a remainderman cannot, as against others not seized of a like estate in common with him, maintain the action to disturb the rule.   If the action should be extended and the benefit given to other parties, it must be done by legislation.

Judgment must be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.