Hawkins *vs.* The County of Sumter.

---

WILLIS A. HAWKINS, plaintiff in error, *vs.* THE COUNTY OF SUMTER, defendant in error.

1. A set-off by note or account cannot be pleaded to an ordinary judgment so as to arrest the execution issued thereon; much less can it be set up by affidavit of illegality to a tax execution.

2. A municipal or county corporation must be allowed to collect its revenues for local government upon principles of public policy, and the courts will not favor any interruption of such collection by affidavit of illegality claiming set-off.

Illegality. Judgments. Taxes. Set-off. Before Judge CLARK. Sumter Superior Court. April Term, 1876.

Reported in the opinion.

WILLIS A. HAWKINS; ALLEN FORT, for plaintiff in error.

B. P. HOLLIS, for defendant.

JACKSON, Judge.

This was an affidavit of illegality upon the ground that the county owed Hawkins the amount of the tax *fi. fa.*; the court dismissed it and Hawkins excepted.

1. We think that the court was right. If the execution had been issued on an ordinary judgment, it could not have been arrested by such an affidavit. It might have been stopped in equity if the allegation were made of plaintiff's insolvency, but not otherwise. More certainly is due to a tax *fi. fa.* issued to keep up the county government, to raise revenue to hold courts, pay juries, build bridges and all ordinary county purposes of usefulness and necessity, than to an ordinary *fi. fa.*; and if this affidavit would not stop such an ordinary execution, of course, *a fortiori*, it cannot stop this.

2. But outside of all this we think the county is entitled to collect its taxes without hindrance. It is part of the state government. The machinery of that government moves in great part by the county funds. The judicial process of the courts would stop but for the county co-operation. The jury system, the jail, as a place of temporary or final imprisonment to await or suffer the penalties of the criminal law, are kept up by the county finances. The interest is too big, too much the state's, to suffer any and everybody to use her courts to impede the counties in collecting taxes that *property* in the counties is liable for, and we rather think that in this respect the counties ought to be put on an equal footing, even with the state herself. However this may be, we have held that a municipal government could not be arrested, even in equity, in collecting her revenues by set-offs of the tax-payers. The government must have the money for great public purposes, and the tax-payer must pay it, and then he can sue if the municipality owe him aught and recover it: *Wayne et al. vs. City of Savannah*, 56 *Georgia Reports*, 448. If this be so even in equity and in the case of a city government, where does this affidavit against the county of Sumter stand? Certainly not upon any law of which we have ever heard.

Judgment affirmed.