By the Court.—Sanford, J.
This is an appeal from an order vacating the taxation of costs in the cause at the instance of the defendant, in order to enable him to obviate the objection to his motion for an extra allowance, founded on rule 56 of the general rules,—which *88 provides that applications for such allowances shall, in all cases, be made before final costs are adjusted. It appears by affidavit, that the bill of costs was prematurely presented to the clerk for adjustment, “through inadvertence.” Under section 174 of the Code of Procedure, it was competent for the court, in its discretion, to relieve a party from a judgment, order, or other proceeding taken against him through his inadvertence or excusable neglect; and this provision has been held to authorize the relief of a party from a judgment entered in his favor (Montgomery v. Ellis, 6 How. 326.) But, irrespective of the authority conferred by this section, the power of a court of record to modify, vacate, and set aside its own orders, judgments and proceedings, in its discretion, is too well established to admit of question. ‘ ‘ All the proceedings in an action are under the control and subject to the direction of the court, so long as the action is pending” (Barry v. Mutual Life Insurance Company, 53 N. Y. 536). In the case last cited, an order entered upon an express stipulation in writing, signed by the attorneys for the respective parties, was vacated on the ground that the stipulation had been inadvertently or improvidently executed. The court of appeals held, that all stipulations and agreements between parties to an action and affecting proceedings in it, were within the control of the court in which it was pending, and might be set aside in the discretion of the court, whenever the parties could be restored to the condition in which they would have been, if no agreement had been made. The order now appealed from, restored the parties to this suit to precisely the position in which they would have stood, had no adjustment of costs been made, and enabled an application, resting in discretion, to be heard on its merits, notwithstanding a purely technical objection to such hearing, interposed by way of estoppel. We are of opinion that the order appealed *89 from was in the discretion of the court, and was prop-, erly made.
The appeal should be dismissed, with costs.
Sedgwick, J., concurred.