DAVIS *et al. vs.* THE STATE OF GEORGIA.

A homestead set apart under the provisions of the constitution of 1868, for the family of a tax collector, is liable for his default in paying over to the state taxes collected by him.

Homestead. Taxes. Before Judge Tompkins. Bryan Superior Court. October Term, 1877.

Reported in the decision.

P. W. MELDRIM; ALFRED B. SMITH, for plaintiffs in error.

R. E. LESTER, for the defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to

the *fi. fas.* levied thereon. A motion was made for a new trial on the ground therein stated, which was overruled, and the claimant excepted. It appears from the evidence in the record, that two *fi. fas.* were issued by the comptroller general of the state, against Thomas W. Davis and his securities, as a defaulting tax collector of Bryan county for the years 1873 and 1874, for the aggregate sum of $1,661.00, which were levied on the land in dispute as the property of Davis, and claimed by his wife, Catherine Davis, for the benefit of herself and minor children, as a homestead. The homestead was applied for by Thos. W. Davis, for the benefit of his wife and children, and approved by the ordinary on the 23d of November, 1874. One of the *fi. fas.* is dated 22d May, 1875, the other dated July 10th, 1875. The court charged the jury, " that if they believed, from the testimony, that the executions issued for default of Thos. W. Davis, as tax collector of Bryan county, that the homestead property set apart is liable," and that is the alleged error complained of.

By the constitution of 1868, the homestead property set apart is exempt from levy and sale, except for taxes, etc., and the question is, whether the word " taxes," as used in the constitution, shall be construed in a limited sense—that is to say, to taxes due the state on the homestead property alone—or whether the word shall be construed in a more general sense, so as to include all taxes due to the state by the applicant for the homestead. The word " taxes," as used in the constitution, must be presumed to have been used in the same sense as that word was used in the Code when the constitution was adopted. The money collected by a tax collector, and in his hands, for which an execution issues against him, is recognized by the 3732d section of the Code as " taxes due the state." See also section 934. The homestead, therefore, for which the defendant applied, and had set apart for the benefit of his wife and children, was not exempt from the payment of taxes due the state by him as tax collector. The money collected by him, as such

tax collector, as recognized by the Code, was "taxes due the state." Apart from the legal aspect of the case, as made by the record, it is much more equitable that the homestead should pay the taxes due to the state by the tax collector, than that his securities should be compelled to pay them.

Let the judgment of the court below be affirmed.