# SUPREME COURT.

ALEXANDER STEWART *et al.* agt. GEORGE MUNROE *et al.*

*Partition of lands — what the complaint should contain.*

In an action for the partition of lands where the complaint failed to state in explicit terms that the plaintiffs, who claimed title to the land as the heirs at law of a decedent in possession, were themselves in possession of their shares, or held the premises as joint tenants or as tenants in common with others:

*Held,* upon demurrer, that the complaint was insufficient.

A complaint in an action for partition should conform, in its statements, to what was required to be set forth in a petition for partition under the Revised Statutes (1 *R. S., p.* 318, *sec.* 5).

The statutes require that the "rights and titles" of the plaintiff should be set forth.

Rights and titles under the statute considered.

Where one seeks to avail himself of a remedial statute he should, in pleading, bring himself within its terms by clear, distinct, affirmative allegations.

*Special Term, October,* 1878.

DEMURRER to complaint.

This action is brought for the partition of the lands of Alexander T. Stewart, deceased. The complaint states that the decedent died on the 10th day of April, 1876, intestate, seized and possessed of certain real estate in the state of New York, which is described; that the decedent left him surviving neither father, mother, brother or sisters, or descendant of any or either of them, but that he had collateral relatives, children and descendants of the deceased children of the brothers and sisters of his father and mother, whose names and degree of relationship to the decedent are stated, all of whom are made parties to the action either as plaintiffs or defendants.

The plaintiff, Alexander Stewart, claims that he together with certain of the defendants are together entitled to one-sixth interest which descended through their father, John Stewart, and are each entitled to a twenty-fourth interest in the lands.

That the plaintiff, Ann Jane Bailey and certain of the defendants, are together entitled to a like one-sixth which descended through their mother, and are each entitled to a thirtieth interest in the lands. The fractional interests of other defendants, descendants of the brothers or sisters of the father or mother of the decedent, are stated.

That the several shares are subject, however, to the dower right of the defendant, Cornelia Stewart, the widow of the decedent. That the defendant George Munroe, and other persons, named as defendants, have or claim to have, some claim upon, or interest in a portion of the premises, which claim or interest the plaintiffs allege is subservient, and inferior to the right and title of the heirs at law of the decedent, designated in the complaint. That no person, other than those mentioned in the complaint, has any estate or share in the lands. That the parties to this suit, own no other lands in common, in this state; that all the parties to the action are of full age.

The defendant Munroe, demurs to the complaint, and assigns as the grounds of his demurrer, that the court has no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action.

*Alexander & Green* attorneys and *Ashbel Green* of counsel for defendant Munroe.

*T. F. Kneeland,* attorney and counsel for plaintiff.

Van Vorst, *J.*— To justify an action for partition of lands, the same must be held, and be in the possession of several persons, as joint tenants, or tenants in common ( 1 *R. S., p.* 317, *sec.,* 1; *Code, sec.,* 448 ). *Clapp* agt. *Bromagham* (9 *Cowen,* 530) decides that the plaintiff must show a present actual possession ; and Allen J., in *Sullivan* agt. *Sullivan* (66

Stewart *et al.* agt. Munroe *et al.*

*N. Y.*, 37), in speaking of the statute, says " the revisers did not intend to relax the rule, which they regarded as established, and were of the opinion, that the policy of the statute would be promoted, by requiring that the petitioners should be actually in possession of some part of the premises." He afterwards states, however, that the most liberal interpretation required " at least a constructive possession," in the individual seeking to avail himself of the act.

In order, therefore, to maintain the action, the person asking for partition must not only have a present estate in the land, as a joint tenant or tenant in common with others, but he must be in the actual or constructive possession of his individual share or interest ( *Therasson* agt. *White*, 52 *How. P. R.*, 62, and the cases there cited).

The complaint, in this case, fails to state, in explicit terms, that the plaintiffs are in possession of their shares, or that they hold the premises, either as joint tenants, or as tenants in common, with others. I do not regard the statement in the complaint " that the parties to the suit own no other lands in common in this state " as a positive allegation that the lands in question are so held. A negation as to other lands being held in common, is no affirmation as to the character of the holding of the lands in question.

The plaintiffs' counsel, however, contends that it was sufficient to give the court jurisdiction, to allege the seisin and possession of the decedent, of whom the plaintiffs, and some of the defendants, are collateral relatives and heirs at law.

Under *Clapp* agt. *Bromagham* ( *supra, p.* 550 ) such averment is clearly insufficient. But that case, as already observed, holds that there must be a present actual possession, which conclusion, subsequent decisions have modified to the extent of holding that constructive possession answers the statute ; but the Revised Statutes require that the petitioner for partition should " set forth the *rights* and *titles* of all persons interested ( 1 *R. S., p.* 318, *sec.* 5 ), and a complaint, in an action under the Code, should, doubtless, in this regard con-

Stewart *et al.* agt. Munroe *et al.*

form in its statements to what was required to be set forth in a petition for partition under the statute (*Moak's Van Sant-voord's Pleading, p.* 235). The statute, therefore, requires that the "*rights*" as well as the "titles" should be set forth.

The pleader in this case stops with an assertion of the "*titles*" of the parties in interest. It is true that "rights" and titles are, in some respects, synonymous, yet there is a distinction. The possession of land, actual or constructive, are rights. Rights in this connection originate in, and are modified by, the quality of the title. To constitute a perfect title there must be the union of actual possession, the right of possession and the right of property (2 *Black's Com.*, 199). These several rights may exist in several persons. In a completed title they are consolidated in one right existing in the same party (*Kent's Com., vol. IV*, 393).

When one seeks to avail himself of the provisions of a remedial statute he should, in pleading, bring himself within its terms by clear, distinct, affirmative allegations.

This is obviously so with respect to the statute in question, when the holding of land, unaccompanied by possession, confers no right to maintain an action for partition. The action for partition of lands is not intended for the recovery of lands held adversely. A subsisting adverse possession is an absolute bar to the action (*Florence* agt. *Hopkins*, 46 *N. Y.*, 182).

While the pleader is not called upon to aver in his complaint that the lands are not held adversely, for adverse possession is to be interposed as a defense (*Burhans* agt. *Burhans*, 2 *Barb. Chy.*, 398), still I think that by appropriate terms, in addition to setting up his title, he should allege his possession to show that a remedy by partition is proper. This should not be left to inference from facts pleaded. In *Jenkins* agt. *Van Schaick* (3 *Paige*, 245) the chancellor said: "It is not necessary to aver in the bill that the plaintiff is in possession of the premises, as that will be presumed from the allegation that the parties are *seized in common.*" The distinctive feature of a tenancy in common is unity of possession.

"A possession is something more than a mere right or title, whether to a *present* or future estate. It implies a right to deal with the property at pleasure, and to exclude others from meddling with it" (*Sullivan* agt. *Sullivan*, *supra*).

*Beebe* agt. *Griffing* (14 *N. Y.*, 235) is cited by the plaintiffs' counsel as holding differently. That case speaks of the evidence on the trial. We are now dealing with the plaintiffs' pleading, which is to be tested by the statute.

In *Beebe* agt. *Griffing* it will be seen that the *petition* stated that the petitioners "are in possession of the lands described as tenants in common," and as far as my observations extends, practice and precedent sanction the use of such words uniformly (*Barb. Chy. P.*, *vol.* 3, *p.* 852; *Hoff. Chy. P.*, *vol.* 3, *p. C. C. L. xxii ; Wait's Prac.*, *vol.* 5, *subject, Partition, pp.* 61, 63).

I think it best, in every light in which the subject is viewed, that the precedents should be adhered to, and that the plaintiffs should be obliged to set up their possession, if they can do so, in such form as to give the court jurisdiction to award partition.

There should be judgment for the defendant on the demurrer with liberty to the plaintiff to amend on payment of costs.

NOTE. — It will be observed from the complaint, that this action is not brought under chapter 238, of the Laws of New York, "relative to *disputed* wills." By section two of that action, the heir, claiming lands by descent from an ancestor, who died holding and being in possession of the same, *whether the heir be in possession or not*, may prosecute for the partition thereof, notwithstanding any apparent devise by such ancestor, and any possession held under same, provided that such heir shall allege and establish in the same action, that such devise is void. The complaint in the above action contains no allusion to the fact that Mr. Stewart left a will, on the other hand it alleges that he died "*intestate.*' And yet it is well known that Mr. Stewart did not die "intestate," The records of this court show it (*Bailey* agt. *Hilton*, 14 *Hun*, 3). This fact is alluded to, in the opinion lately delivered by WESTBROOK, J., in a motion to substitute another attorney in the place of the one who brought this action (*see post, p.* 256). [REP.