ROSIE HUGHES, JOSEPH HUGHES AND NELLIE HUGHES, APPELLANTS, *v.* JAMES HUGHES AND JAMES HUGHES, JR., A MINOR, RESPONDENTS.

*Partition — when an action may be maintained by tenants in remainder — Code of Civil Procedure, sec. 1533.*

Persons holding, as joint tenants or tenants in common, a vested remainder or reversion in real property can only maintain an action for its partition, during the continuance of the prior estate therein, in the particular cases specified in section 1533 of the Code of Civil Procedure.

Such an action can only be maintained where an actual division can be made between the claimants, without great prejudice to the owners.

In no case can a sale of the property be ordered.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at a Special Term.

*Samuel G. Courtney* and *James P. Nieman*, for the appellants.

*A. J. Simpson*, for the respondents.

DANIELS, J.:

The plaintiffs brought this action to obtain a judgment making partition of real estate, to which they had become entitled as the heirs of Ellen Hughes, subject to a life estate in James Hughes, her husband, as tenant by the courtesy. The estate of the life tenant was not impeached in any manner in the action, but it was sustained as a legal interest; and under the law as it was administered previous to the present Code of Civil Procedure such an action could not be maintained by the persons whose title to the property was only that of remaindermen or reversioners. (*Sullivan* v. *Sullivan*, 66 N. Y., 37.) And *Jenkins* v. *Fahey* (73 id., 355) was in no sense inconsistent with this determination, for there the right to prosecute an action for partition was sustained upon the fact that it was invoked in favor of tenants for life, who were in the possession of the property. The case of *Morse* v. *Morse* (85 N. Y., 53) has still less to do with the right of a remainderman or reversioner to maintain an action for the partition of the estate; and *Therasson* v. *White* (52 How., 62) is in no respect inconsistent with the judgment ordered at the trial. In *Chism* v. *Keith* (1 Hun, 589) it is true that such an action between parties having title in remainder was sustained under the preceding statute. But by the determination afterwards made in *Sullivan* v. *Sullivan* (*supra*), this decision must be held to have been deprived of its authority.

As the provisions of the present Code have been enacted, an action for partition is allowed to be maintained by joint tenants, or tenants in common in a vested reminder or reversion in a specified class of cases. (Code Civil Pro., § 1533.) But this right has been expressly limited to property which is capable of an actual division between the claimants.

When no such partition or division of the property can be made, there this section of the Code has prohibited the maintenance of such an action. For it has been declared that the property cannot be sold in such an action, and further, " if it appears in any

stage thereof that partition cannot be·made without great prejudice to the owners, the complaint must be dismissed." It did so appear in the present action; for a sale of the property, if it could be ordered, would deprive the life tenant of a large portion of its ordinary income, limiting and restricting him to the low rate of interest which might be derived from an investment of the proceeds. It also appeared that the property itself could not be partitioned, for it consisted of a single lot of land of about the usual dimension of lots in the city of New York.

From the description given of this lot of land in the complaint and in the decision of the court, it is entirely clear that no actual partition of it can be made. The only mode by which it could be divided would be a sale, and such a sale at the suit of these plaintiffs has been positively prohibited by the provision of the Code to which reference has been made. Other sections have been referred to and relied upon as apparently sustaining the right of the plaintiffs to maintain this action during the continuance of this life estate. But they contain nothing which will permit the court to direct a sale of this property for the purpose of making a partition of it, in violation of the positive restraint created by this preceding section. For these reasons, as well as those assigned in the opinion at the Special Term, the judgment was right and it should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.