LAURA A. PRIOR, BY GUARDIAN, *v.* THOMAS E. PRIOR
AND JACOB V. HALL.

*A final judgment, confirming a sale in partition, cannot be questioned collaterally —*
*Code of Civil Procedure, secs.* 1557, 1577

On November 17, 1881, an interlocutory judgment was entered, in an action brought for the partition of certain land, in the County Court of Erie county, reciting that a partition of the premises could not be made without great prejudice to the parties, as appeared by the referee's report, and directing a sale of the land and a division of the proceeds between the parties. Pursuant to this judgment a sale was made on December 10, 1881, and thereafter, on January 20, 1882, a final judgment was entered confirming the sale and directing a distribution of the proceeds. The land was purchased by Elizabeth A. Hall, wife of a defendant, Jacob V. Hall, who had a life estate in it, the remainder being vested in the plaintiff Laura and the defendant Thomas Prior; the former being, at the time of the sale, eight and the latter fifteen years of age, both of whom appeared by guardians *ad litem.*

Upon a motion made in August, 1887, by the Priors, to have the judgment directing the sale, and all subsequent proceedings founded upon it, set aside, upon the ground that it violated the provisions of section 1533 of the Code of Civil Procedure, which required that in such a case the complaint should be dismissed, an order was made by the County Court granting the motion, except so far as was essential to support the title of persons who had taken conveyances from Elizabeth A. Hall.

*Held,* that the order must be reversed on the sole ground that the County Court had no power to make it.

*Reed* v. *Reed* (107 N. Y., 545; affirming 46 Hun, 212) followed.

APPEAL from an order made at a term of the Erie County Court, held on October 5, 1887.

The action was brought in the County Court for the partition of certain lands in the city of Buffalo. An interlocutory judgment was entered November 17, 1881, reciting that a partition of the premises could not be made without great prejudice to the parties, as appeared by the referee's report, and directing a sale of the land and division of the proceeds between the parties according to their interests. The sale was made pursuant to the judgment on December 10, 1881, and on January 20, 1882, a final judgment was entered confirming the sale directing distribution of the proceeds, etc. The purchase was made by Elizabeth A. Hall, wife of the defendant Jacob V. Hall. The latter had a life estate in the land. And the

plaintiff, Laura A. Prior, and the defendant, Thomas E. Prior, had the estate in remainder, the former of whom was fifteen and the latter eight years of age when the sale of the property was directed. The purchaser afterwards conveyed some of the lands to parties who purchased in good faith. In August, 1887, a motion in behalf of the parties Prior was made to set aside the judgment directing the sale, and all subsequent proceedings founded upon it. The motion was granted by the order of the County Court except so far as was essential to support the title of those persons who had taken conveyance from Elizabeth A. Hall, the purchaser before mentioned; and a reference was ordered to take an account, etc.; she and the defendant Jacob V. Hall appealed from the order of the County Court.

*O. O. Cottle,* for the appellants.

*Roberts, Alexander & Messer* and *Giles E. Stilwell,* for the respondents.

BRADLEY, J.:

The action came within the provisions of section 1533 of the Code of Civil Procedure, which then declared that the premises in such case could not be sold, and that, when it appeared that a partition could not be made without great prejudice to the owners, the complaint should be dismissed. The direction of the statute was not observed, but, contrary to it, judgment directing the sale was entered, and pursuant to it sale followed. When the review of an order of the County Court, denying a motion to set aside the sale, was here, it was held that the judgment and sale were not void, because the County Court had jurisdiction of the subject of the action, and of the parties to it. (41 Hun, 613.) The right of action of the plaintiff, as tenant in common, with the defendant Prior, of the estate in remainder, subject to the interest of the life tenant, was given by the provisions of that section, which did not contemplate that the latter would be a necessary party to the action. The right, however, to make him a party defendant in such case is given by section 1539. Before this statute, according to the weight of authority, such an action could not properly be brought by a party not having the possession, actual or constructive, of the premises sought to be partitioned.

And a plaintiff was not permitted to unite, as defendants, those not seized of a like estate in common with him. (*Sullivan* v. *Sullivan*, 66 N. Y., 37.) But if he did so, and proceeded to final judgment, it was not without jurisdiction of the parties, as well as the subject-matter, and it was effectual as against an attack collaterally. (*Howell* v. *Mills*, 56 N. Y., 226.) And, although the statute declares that "no person other than a joint tenant or a tenant in common of the property shall be a plaintiff in the action" (Code of Civ. Pro., § 1538), if, as plaintiff, a person having the present estate brings such an action against those having only a vested estate in remainder, and prosecutes it to judgment, it is within the jurisdiction of the court, the judgment and its execution cannot be questioned collaterally, and it will be deemed conclusive upon the parties. (*Cromwell* v. *Hull*, 97 N. Y., 209; *Reed* v. *Reed*, 107 id., 545; affirming, 46 Hun, 212.) And such is the applicable effect declared by statute upon the confirmation of the sale by final judgment. (Code of Civ. Pro., §§ 1557, 1577.) In view of this situation, the question arises whether the County Court had power to make the order appealed from. For if that court possessed such power, the order must be affirmed, as this court will not review the exercise by the County Court of its discretion. (*Reilley* v. *D. and H. Canal Co.*, 102 N. Y., 383.) One reason urged in support of the motion, and of the power of the court to grant it, is in the fact that the moving parties were infants when the sale of the property was directed by the judgment and made. It appears that Thomas E. Prior was then fifteen, and Laura A. Prior eight years of age. They had the vested estate in remainder, limited only upon the life estate of the defendant Hall. The apparent purpose of the statutory rule, and of the judicial effect given to it, applicable to such cases, was to give unqualified support to the final judgment of confirmation. (*Woodhull* v. *Little*, 102 N. Y., 165; *Jordan* v. *Van Epps*, 85 id., 427.) And if the parties had been *sui juris*, there would seem to be no support for the motion.

The sale was, by the interlocutory judgment, directed, and pursuant to it, had, nearly six years before this motion was made, and four years had elapsed before any question, so far as appears, was raised in behalf of those infant parties with a view to relief, when the motion to set aside the sale was made and denied. As a

general rule, in the absence of statutory inhibition, courts have control over their own proceedings, and may deal with them as justice requires (*In re City of Buffalo*, 78 N. Y., 362, 370; *Dietz* v. *Farish*, 11 J. & S., 87); and will usually exercise such power for the protection of the innocent and those who have acted in good faith in the matter. (*In re Price*, 67 N. Y., 231.) The statute has prescribed certain times within which motions may be made for relief on the ground of irregularity or of errors in fact. (Code, §§ 1282, 1290, 1291.) But this motion does not seem to come within the provisions of those sections. This was neither a case of irregularity, strictly as such, nor of error in fact. When the action in its progress reached the point where it appeared that partition could not be had without great prejudice to the owners, it was the duty of the court to have dismissed the complaint, because the statute so provided, and declared that no sale could be made. The action, nevertheless, proceeded to judgment, directing the prohibited sale. This excessive exercise of judicial power was error which, if not waived, rendered the interlocutory judgment voidable, but may not, necessarily, have been available on review, because no exception was taken on the coming in of the referee's report, and no objection was made to such judgment or to the sale or its confirmation. The question, therefore, is whether the final judgment was conclusive upon these minors as against the purchaser. The rights of those infants were in the care of guardians, who failed to do what it is said the interests of their wards required of them. Is the court in which the proceedings were had powerless, without the aid of fraud for its support, to grant them relief? They were, in some sense, the wards of the court, and it was by the court that their interests were placed in the care of guardians *ad litem*. The court has determined that their rights were not fairly taken care of by the means which it provided for that purpose, and, therefore, sought, so far as it could, to restore to them that of which they were deprived by its proceedings, conducted in violation of the statute, to their prejudice.

In *Reed* v. *Reed*, the question arose upon a motion between the purchaser at the sale and the parties to the partition action, for whose benefit the sale was made; and the court held that, inasmuch

as it had jurisdiction of the subject-matter and parties, the final confirmation was conclusive upon such parties. In view of the doctrine of that case, the situation, after final judgment, was no different in effect than it would have been in a case where the proceedings resulting in a sale and confirmation were in no respect contrary to the provisions of the statute. It was there said on the review in the Supreme Court (46 Hun, 214) that the fact that some of the parties were infants did not, as against them, qualify the conclusive effect declared by the statute of the final judgment, but that, if there was any occasion for it, the remedy in their behalf for any injury suffered was against the guardians and the sureties upon their bonds. In the present case, the infant parties seek relief against the judgment and its effect; and the court determined that the purchaser at the sale, made pursuant to the judgment, has not a standing in relation to the sale, which denies to the moving parties the means of relief as against her, and that reasons exist why it should be granted.

Whatever our views may have been if the question were *res nova*, we think the case comes within the doctrine before referred to, declared in *Reed* v. *Reed*. There the purchaser was required to complete his purchases, because the judgment confirming the sale was conclusive against all the parties to it, although some of them were infants. The principle applied there seems applicable to the question here. Upon the authority of that case, the order must be reversed on the sole ground that the County Court had no power to make it.

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Order reversed on the ground of the want of power in the County Court to make the order, without costs of this appeal to either party.