### JUSTICE *et al. v.* AIKIN *et al.*

1. Two persons rightfully in possession of land—one of them claiming a life-estate therein, and the other, in recognition of this claim, jointly occupying the premises with the former—may, when upon equitable principles a petition will lie to enjoin their eviction, jointly bring and maintain the same.
2. Equity will enjoin such an eviction when the same is, at the instance of an insolvent person, about to be made by the sheriff under an alleged sale to the former, when it appears that the sale actually made did not in fact embrace the property in dispute; and the more especially will the writ of injunction lie in such a case when there are peculiar circumstances rendering its interposition necessary and proper.
3. Under the facts alleged in the plaintiffs' petition, it was error to dismiss the same on demurrer.

Argued May 23,—Decided June 8, 1898.

Equitable petition. Before Judge Candler. DeKalb superior court. August term, 1897.

*J. N. Glenn* and *Simmons & Corrigan*, for plaintiffs.
*W. W. Braswell*, for defendants.

LITTLE, J. The petitioners, Rosetta F. Justice and William C. Anderson, made the following case: W. C. Anderson Sr. died in DeKalb county more than twenty years ago, leaving Rosetta F. as his widow, and four children, among them petitioner William C. Jr. At the time of the decease of W. C. Sr., he owned and was in possession of a tract of land containing about two hundred acres, consisting of one hundred acres off of the west side of lot 160, and one hundred acres off of the east side of lot 159, in the 18th district of DeKalb county. By the will of W. C. Anderson Sr., his widow Rosetta was debarred of any interest in the land because of her subsequent intermarriage with J. W. Justice. The petition alleges further, that some years ago the four children of William C. Anderson Sr., together with the widow, met together and divided the above-mentioned lands. In that division 52 acres in the southeast corner of lot 159 were assigned to W. C. Anderson Jr. The other lands were by consent divided among the other three children, except two acres on which were situated a dwelling-house and certain outhouses, which were used by said Rosetta

as her home both before and since the death of W. C. Anderson Sr. By agreement between herself and the children, the said two acres were assigned and set aside to Rosetta F. for her use. W. C. Anderson Jr. resides with her on said two acres of land, and she and said W. C. Jr. are in possession of the land, but the latter makes no claim to any part of the land. The petition further shows, that a judgment was rendered in the city court of DeKalb county, for the principal sum of two hundred dollars, against W. C. Anderson Jr. as principal, and M. C. Aikin as indorser, on which an execution was issued and the same was levied on "52 acres in the southeast corner of land lot 159 in the 18th district of DeKalb county, as the property of W. C. Anderson, to satisfy said execution, and the same was sold by the sheriff on the first Tuesday in July, 1896, and M. C. Aikin became the purchaser." It is further alleged, that the said two acres on which the said Rosetta and the said W. C. Jr. are living was not levied on by said execution, nor was the same sold by the sheriff, and the said Aikin knew that it was not embraced within the levy of the execution; that the said Aikin has had Austin, sheriff of DeKalb county, to serve a notice on said Rosetta and a demand for possession of the said two acres, and the sheriff now demands immediate surrender and possession of the said two acres, and threatens to remove petitioners from the land unless possession is at once given to Aikin. Petitioners further alleged, by amendment, that the defendant was in an insolvent condition; that Rosetta was old and infirm and without means; and that if she should be ejected from said land, she would be irreparably damaged. Petitioners denied that Aikin had any right to the possession of the said two acres, and prayed that Aikin and Austin as sheriff be restrained and enjoined from interfering with the said Rosetta and W. C. Jr. in their possession and use of the said two acres of land, and that they be likewise enjoined from removing petitioners from said land. On the call of the case, counsel for the defendant moved to dismiss the petition, on the following grounds: (1) That there was a misjoinder of parties plaintiff. (2) That no title or right was shown in said Rosetta F. to the land in question. (3) That no ground for equitable relief was shown in

the petition. After argument, the court sustained the motion and dismissed the petition. This judgment of the court is the error complained of.

1. To us it seems that there was no misjoinder of parties plaintiff in this case. Taking the allegations of the petition to be true (and the motion to dismiss, being in the nature of a demurrer, admits the truth of the same), both Mrs. Justice and Anderson were in possession of the land, to which Aikin, the defendant, had no title nor any right of possession; and we know of no reason why the two persons so in possession might not jointly institute an action to prevent such possession from being disturbed. But it is said no right or title is shown in the petitioners to the land in dispute. Possession is one degree of title. It is the lowest, it is true, but it is sufficient for one to maintain the action of ejectment against another who is a mere wrong-doer and who has intruded into possession, and the bare right of possession of lands authorizes their recovery by the owner of such right, and also damages for withholding the right. Civil Code, § 3875. Possession implies a present right to deal with property at pleasure, and to exclude other persons from meddling with it. 66 N. Y. 41. It will not do to reply to the petition in this case, that the petitioners do not show title to be in them. Admitting the allegations in the petition to be true, the petitioners were in possession of the land. If the defendant had title which gave him the right to the possession, it could be recovered; but the petition alleges that he was without title, and whether the petitioners had or did not have title is no concern of one who has neither title nor the right of possession of the land. Being out of possession, the defendant could not acquire it without showing a superior right to the possession to be in himself; and we see no reason why the petitioners might not jointly, in right of their possession, resist the action of any one who, in the absence of superior right, sought to recover it from them. The question which is raised is not that of title; and whether or not the petitioners had title other than is given by possession is not a question which the defendant, who, according to the allegations of the petition, is about to become a trespasser, can make. There was no misjoinder of parties in the petition.

2. The petition in effect charges insolvency as to the defendant Aikin.   It is not necessary that such a charge should extend to the sheriff.   He is but a ministerial officer and officially represents Aikin, and any action restraining Aikin would necessarily apply to the sheriff.   Courts do not ordinarily issue writs of injunction against their own officers.   They are generally subject to the direction and order of the court without a formal injunction, but when such officer acts in a ministerial capacity and is representing the claim of a party to a legal proceeding, it is sufficient for any restraining order which may be issued to be directed to the party himself.   The effect of such an order would be to prevent the inhibited action either by the party himself or any one for him, and to stop the process in favor of the person restrained.   But it is said that equity will not enjoin a trespasser.   This is the general rule.   The exception to it is, that if the injury is irreparable in damages, or if the trespasser is insolvent, or if there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper, it will be allowed to issue.   As we have said, the petition virtually charges that the defendant Aikin is insolvent, and the circumstances detailed in the petition are such as might justly call for a decision of the judge as to whether the injury complained of, if found to be true, is irreparable in damages, and whether or not the circumstances which exist in relation to the possession of the land are such, in the discretion of the court, as call for the issuance of the writ.   Civil Code, § 4916.

3. It is not to be understood that we are passing upon the merits of the case.   The plaintiffs' petition was dismissed without an investigation as to the truth or falsity of the allegations made. What we do hold is, that, taking the allegations of the petition to be true, as we are bound to do under the motion to dismiss, they set out a cause of action, which, if established, would entitle the petitioners to the writ of injunction against the defendant; and it was therefore error to dismiss the petition on motion of defendant's counsel.

<i>Judgment reversed.    All the Justices concurring.</i>