23826. AMERICAN SURETY COMPANY OF NEW YORK *et al.* v. WAYNE COUNTY *et al.*

DECIDED DECEMBER 12, 1934.

*Little, Powell, Reid & Goldstein, W. D. Turner, Gordon Knox, A. J. Tuten, Glenn Thomas,* for plaintiffs.
*Gibbs & Symmes,* for defendants.

MACINTYRE, J. 1. A demurrer to a petition admits all the well-pleaded facts therein as true and correct; and accordingly, where a petition alleges that the County of Wayne is due the sheriff of the city court of Jesup the sum of $1,243.75 for services rendered in connection with criminal cases tried in that court, and a general demurrer thereto is interposed by the county, this court, in passing upon the judgment of the trial judge in sustaining the demurrer, will consider such allegations as true. *Justice* v. *Aikin,* 104 *Ga.* 714 (30 S. E. 941); *Anderson* v. *Goodwin,* 125 *Ga.* 663, 669 (54 S. E. 679).

2. Under the Civil Code of 1910, §§ 1163, 1189, whenever any

sheriff or other public official of a county shall collect, have in his possession, and fail to turn over to the proper authorities to receive the same, tax money due to the State or county, as the case may be, and an execution is issued against him as provided by law, he will not be allowed to plead a set-off against the sum claimed in the execution as being due by him for taxes, although the State or county may be due him a sum of money for fees earned by him as sheriff of the city court. The remedy of the officer to whom the fees are due is to proceed directly against the proper authorities for his fees. See *Hawkins* v. *County of Sumter, 57 Ga.* 166, where it was said, "A municipal or county corporation must be allowed to collect its revenues for local government upon principles of public policy, and the court will not favor any interruption of such collection by affidavit of illegality claiming a set-off. . . We think the county is entitled to collect its taxes without hindrance. It is a part of the State government. The machinery of that government moves in great part by the county funds. The judicial process of the courts would stop but for county co-operation. The jury system, the jail, as a place of temporary or final imprisonment to await or suffer the penalties of the criminal law, are kept up by the county finances. The interest is too big, too much the State's, to suffer any and everybody to use her courts to impede the counties in collecting taxes that property in the counties is liable for; and we rather think that in this respect the counties ought to be put on an equal footing, even with the State herself." See also *Mayo* v. *Renfroe, 66 Ga.* 408; *Hawkins* v. *County of Sumter,* supra*; Cahn* v. *Wright, 66 Ga.* 119, 121; *Davis* v. *State, 60 Ga.* 76, 77; *Perkins* v. *State,* 101 *Ga.* 291, 293 (28 S. E. 840) ; *Frey* v. *Marietta,* 150 *Ga.* 205; Civil Code (1910), § 1160; Morganton Graded School *v.* McDowell, 157 N. C. 316 (72 S. E. 1083) ; Board of Commissioners *v.* Blue, 190 N. C. 638 (130 S. E. 743) ; Wilmington *v.* Bryan, 141 N. C. 666 (54 S. E. 543), where it was said, "No counterclaim is valid against a demand for taxes." It has been ruled many times by the courts of many jurisdictions that set-off is not available against an execution for taxes, upon the ground of public policy. Furthermore, the debts are not due in the same right or capacity and lack that mutuality which is essential to the right of set-off. See 24 R. C. L. 871. Nothing here ruled conflicts with the decisions in *Harris* v. *Garner,* 160 *Ga.* 752, (128 S. E. 913),

and *Powers* v. *Central Bank,* 18 *Ga.* 658, 660. In those cases the proceedings were not actions by a State, county, or municipality for taxes due.

3. The judgment complained of in this case reads that "for none of the reasons stated in the petition, nor the amendment, is the County of Wayne indebted to L. W. Rogers [the sheriff in this case] in the sum of $1,243.75, or any other sum." We think this part of the judgment is incorrect. While the sheriff could not set off any amount that might be due him by the county as against the tax money held by him, yet he would be entitled to any fees due him, and the demurrer admits that the county is due him such sum as fees. Consequently it was unnecessary for the trial judge, in passing upon the demurrer—that is, upon the question whether the right of set-off was available to the sheriff as against the tax execution,—to pass upon the question whether the county was due the sheriff any sum for fees earned, the decision of which question would necessarily invoke the construction of the act of 1916 (Ga L. 1916, p. 248 et seq.) and the act of 1921 (Ga. L. 1921, p. 361), and proof as to the amount of fees claimed. Under the power of this court to mould its judgments so that substantial justice may be done to all parties, we affirm the judgment of the trial judge sustaining the demurrer of the county to the petition of the sheriff and the surety on his official bond, but direct that the judgment be so amended as to omit therefrom any determination as to whether the county owes the sheriff the fees claimed. See Civil Code (1910), § 6103. If any sum for fees is due the sheriff, let him bring a proper proceeding for their collection.

*Judgment affirmed, with direction. Broyles, C. J., and Guerry, J. concur.*