In the Matter of the Probate of the Last Will and Testament of BENJAMIN A. KAVANAGH, Deceased.

K. died in 1887, leaving a will executed in the month previous to his death, by which he devised and bequeathed one-third of his residuary estate to a charitable corporation organized in 1866 under and by special act (Chap. 201, Laws of 1866), which provides (§ 7), that "said corporation shall possess the general powers and be subject to the general restrictions prescribed in the 3d title of the 18th chapter of the Revised Statutes, and also subject to the provisions of title 7, part 1 of chapter 18 of the Revised Statutes in relation to devises or bequests by will." Chapter 18 of the Revised Statutes proper contains but four titles and contains no provision in relation to devises or bequests by will, but chapter 18 of the unofficial edition, known as the fifth edition, which was published in 1859, and was in general use, cited in the courts by lawyers and judges as the Revised Statutes, contains a title (7) which embodies the general act for the incorporation of charitable societies (Chap. 319, Laws of 1848), with amendments thereto, including the provison (§ 1) that no bequest or devise to any corporation formed thereunder will be valid unless "made or executed at least two months before the death of the testator." *Held*, that by the reference in the charter the edition of the Revised Statutes then in use was to be considered as intended; and so, that the bequest or devise in question was invalid; also that the court might take judicial notice that the fifth edition was in common use when said act of incorporation was passed.

Reported below, 53 Hun, 1.

(Submitted January 21, 1891; decided January 27, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1889, which affirmed a decree of the surrogate of the city and county of New York, construing certain portions of the will of Benjamin A. Kavanagh, deceased.

The facts, so far as material, are stated in the opinion.

*George Bliss* for appellant.

*George W. Carr* for respondents. The law of this state is that legacies and devises to a corporation under a will made within two months of the testator's death are absolutely void. (Laws of 1848, chap. 319, § 6; *Stephenson* v. *Short*, 92 N. Y. 445.) The contention that because, as a matter of fact, there is no title 7 to part 1, chapter 18 of the Revised Statutes, and, therefore, no restriction upon the powers of this society to take legacies and devises, is untenable. (*People ex rel.* v. *Clute*, 50 N. Y. 451; *St. Francis Hospital* v. *Schreck*, 3 Dem. 225.)

*Hays & Greenbaum* for respondents. The corporation in question, Sisters of the Poor of St. Francis, by the 7th section of the act incorporating it, is made subject to the provisions of title 7, part 1, chapter 18 of the Revised Statutes, in relation to devises or bequests by will, and is prohibited from taking under the will in question. (*Kerr* v. *Dougherty*, 59 How. Pr. 57; *Lefever* v. *Lefever*, 59 N. Y. 446; *Betts* v. *Betts*, 4 Abb. [N. C.] 396; *Dowd's Will*, 8 id. 122.) We find in the Revised Statutes, as now published and in use, a title 7 to chapter 18, part 1st, which is printed on page 16 of the case, and provides "that no devise or bequest to such a corporation shall be valid in any will which shall not have been executed at least two months before the death of the testator." The only question in this case is whether the legislature intended to refer to this section when it enacted section 7 of chapter 201 of the Laws of 1886. (*People* v. *Lacombe*, 99 N. Y. 49; *H. I. Co.* v. *Alger*, 54 id. 173; *Town of Solon* v. *W. S. Bank*, 23 id. 138; *St. Francis Hospital* v. *Shreck*, 3 Dem. 225; *People ex rel.* v. *Clute*, 50 N. Y. 451.)

Earl, J.   Benjamin A. Kavanagh died in the city of New York on the 29th day of September, 1887, having in the previous month made a will, the 16th clause of which is as follows:

"I give, devise and bequeath the remaining one-third of such residue and remainder unto St. Francis Hospital of the City of New York, situated in Fifth street in said city, and now under the charge of the Sisters of the Poor of St. Francis, and in case such hospital be not incorporated, then I make such bequest to the Society or Order of Nuns having such hospital under their charge and care, for the use of such hospital."

The hospital was not incorporated, but it was in charge of the Sisters of the Poor of St. Francis, and they were incorporated by chapter 201 of the Laws of 1866, the 7th section of which is as follows:

"The said corporation shall possess the general powers and be subject to the general restrictions prescribed in the third title of the eighteenth chapter of the Revised Statutes, and also subject to the provisions of title seven, part first of chapter eighteen of the Revised Statutes, in relation to devises or bequests by will."

The respondents claim that this corporation can take nothing under the will, because it was executed less than two months previous to the death of the testator; and so the surrogate and the General Term have held.

It is not questioned that these decisions are correct, if section 6 of chapter 319 of the Laws of 1848, is applicable to this corporation.

The law of 1848 is a general law for the incorporation of "benevolent, charitable, scientific and missionary societies," and section 6 provides that any corporation formed under the act shall be capable of taking property by devise or bequest, but that no such devise or bequest shall be valid in any will which shall "not have been made and executed at least two months before the death of the testator." That provision, therefore, as contained in that act, is applicable only to corporations formed under that act, and there is no general law making it applicable, or making a similar provision applicable to all corporations.

This corporation was specially created by the act of 1866, and it is claimed that the provisions of section 6 of the act of 1848, are made applicable to it by the language of section 7 of the act of 1866, which makes it "subject to the provisions of title seven, part first of chapter eighteen of the Revised Statutes, in relation to devises or bequests by will." On an examination of the Revised Statutes proper, it is found that chapter 18 contains only four titles, and they have no provisions whatever in relation to devises or bequests by will, and there is nothing in the Revised Statutes whatever which condemns this gift to this corporation. But there have been several editions of the Revised Statutes published by individuals, and all of these editions have been in general use. They have been cited in the courts by lawyers and judges as the Revised Statutes, and they have been recognized as such by the legislature in appropriations made for their purchase for its library and the use of its committees. They are commonly called by that name, and the early and official edition has, to a very large extent, been superceded by these later unofficial editions. The fifth edition of the Revised Statutes was published in 1859, and chapter 18 of that edition contains twenty-seven titles, and title 7 embodies chapter 319 of the Laws of 1848, with the amendments thereto, and, of course, includes section 6 of that act. On the hearing before the surrogate that section was read from the Revised Statutes and his attention was thus called to it.

We may take judicial notice that that edition of the Revised Statutes was in common use in 1866, when the special act creating this corporation was passed. Unless the legislature in section 7 of this act referred to that edition of the Revised Statutes by the language it used, then the language has no meaning whatever. We think it is plain that the reference in the act of 1866 was to the Revised Statutes then in use, and that section 6 of the act of 1848, embodied in title 7 of chapter 18 of the Revised Statutes, was made applicable to this corporation. Having thus ascertained the legislative intention, we must give it effect, and for our conclusion the case of

*People ex rel. Furman* v. *Clute* (50 N. Y. 451), is sufficient authority.

The judgment should be affirmed, but without costs.

All concur.

Judgment affirmed.