## SUPREME COURT.

ROSIE HUGHES and others agt. JAMES HUGHES and another.

*Partition — by remainderman — Code of Civil Procedure, section 1533.*

A remainderman cannot compel present partition and sale of real estate while the life tenant is still living, without his assent.

To entitle the remainderman to the remedy, there must be a present estate in possession, and where, as in this case, the estate in possession is with the tenant for life, it cannot be disturbed by one who is entitled to possession only on the death of the present possessor.

*Special Term, June,* 1882.

ACTION for partition of premises in the city of New York. The facts briefly are, that in 1881, Ellen Hughes died intestate, seized of the premises in question, which were the only real property she then had, leaving her surviving her husband, James Hughes, defendant, and her four children, three of whom are plaintiffs herein, and one an infant of the age of over fourteen years, defendant. The complaint contained all the usual allegations and in addition, a recital that the plaintiffs required the use of the proceeds of the property as a means of support. The defendant James Hughes pleaded his tenancy by the curtesy, his unwillingness to take any sum in gross, in lieu of his right to possession, and the want of jurisdiction of the court to order a sale under the provisions of section 1533 of the Code of Civil Procedure.

*Samuel G. Courtney,* for plaintiffs.

*Simpson & Werner,* for defendant James Hughes.

*W. C. Davidson,* for guardian *ad litem.*

DONOHUE, *J.*—In this case the question is fairly presented, whether a remainderman can compel present partition and sale

of real estate while the life tenant is still living, without his assent. On principle it would seem clear that the tenant for life of the whole could not be deprived of his positive rights and another *status*, that is, a gross sum, substituted without his assent. But without considering the question on principle, it seems to me the question has been fully disposed of by the court of last resort. *Blakely* agt. *Calden* (15 *N. Y.*, 617) has been cited and relied on by the plaintiff. In that case all parties, including the life tenant, had united in the partition suit and the decree, and asked its enforcement, and the party objecting was the purchaser. Whether as matter of principle that should make a change, is not necessary to discuss. The court there held it did, and put its decision on such assent, and the result was merely to hold that the purchaser could not raise the question. In *Howell* agt. *Mills* (56 *N. Y.*, 225), cited by plaintiff, the court puts its decision solely on the ground that no exception brought up the question, and there was nothing before it but the question of jurisdiction, and as the supreme court had jurisdiction, the court of appeals had no means of ascertaining whether error had been committed in the decision. No exception brought up any erroneous ruling.

In *Sullivan* agt. *Sullivan* (66 *N. Y.*, 37), it seems to me the very question raised is disposed of. The court say, that " we think it too well settled by authority, as well as upon principle, that a remainderman cannot, as against others not seized of a like estate in common with him, maintain the action to disturb the rule. If the action should be extended and the benefit given to other parties it must be done by legislation."

And this brings us to the question whether legislation has changed the law on the subject. No suggestion is made anywhere that the amendment to the Code is intended to change the law. That radical change, if intended, would have been stated, and the intent made plain. The words of the section of the Code seem to me to intend simply to codify

what the law is, and not to change it. The plaintiffs' counsel admits in his brief that the court should, on request, order the premises sold, subject to the life estate, and subject to the life tenant's rights. Such a sale would be a gross injustice to the infant and those not consenting. No such sale could produce a fair and open competition for the lands, as no buyer would desire to purchase such an estate, and the effect would only be to declare the plaintiff's rights, which are already admitted. I do not feel disposed, without some clear law shows the intent to change, to hold that the rights of a life tenant can be thus interfered with, or be subjected to useless litigation, and must hold, until the higher courts change the rule, that the action will not lie.

In the case of *Morse* agt. *Morse*, while the exact case is not before the court, the following language is used (85 *N. Y.*, 57): "*Unless he took*, under the will, a present estate *in possession* in the premises in question, he cannot maintain this action." And for this the court cited *Sullivan* agt. *Sullivan* without disapproval, but as being the law. The case of *Morse* agt. *Morse* does not, as stated, raise the exact point in this case, but the court affirm the doctrine that, to entitle the remainderman to the remedy, there must be a *present estate in possession*. Here the estate in possession is with the tenant for life, and cannot be disturbed by one who is entitled to possession only on the death of the present possessor.

Judgment for defendant.