## HEMMJE *v.* MEINEN et al.

(*Superior Court of New York City, Equity Term.* November, 1892.)

1. DEVISE—ACTION TO DETERMINE VALIDITY—WHO MAY MAINTAIN.
     Code Civil Proc. § 1866, provides "that the validity, construction, or effect, under the laws of the state, of a testamentary disposition of real property situated within the state, or of an interest in such property, which would descend to the heir of an intestate, may be determined in an action brought for that purpose, in like manner as the validity of a deed purporting to convey land may be determined." *Held,*

that an heir of a testator may maintain an action in equity against a devisee out of possession, and other parties in interest, to declare void a devise of a vested remainder in real property, though no trust is involved.

2. SAME.

Such action is not one to obtain a construction of any provision of the will, or to determine the legal title to real estate in possession of such devisee, but its purpose is to remove a cloud on the title of the heirs, who, if the devise is set aside, will have a vested remainder.

3. SAME.

In such case the heirs have no present remedy at law by ejectment or otherwise, since they have no present legal title nor immediate right of possession, nor has the devisee any right of possession until the death of the life tenant; and Code Civil Proc. § 1537, authorizing heirs at law, whether in or out of possession, to maintain actions for the partition of realty, notwithstanding an apparent devise to another, "and possession under such devise," is not applicable.

4. CORPORATION—UNDER WHAT ACT INCORPORATED.

The certificate of incorporation of an association recited that it was incorporated under article 3, tit. 6, Rev. St. April 12, 1848. By reference to Laws 1848, it appears that the original act, relating to benevolent and charitable societies, (chapter 319,) was passed on April 12, 1848. *Held*, that such association was incorporated under such act, though there was, in fact, no article 3, tit. 6, Rev. St., containing the act of 1848.

5. SAME—DEVISE TO—WHEN VOID.

Laws 1848, c. 319, (Act April 12,) provides that any corporation formed under this act shall be capable of taking, holding, or receiving any real property, by virtue of any device contained in any last will or testament of any person whatsoever, the clear annual income of which devise shall not exceed the sum of $10,000, provided no person leaving a wife or child or parent shall devise to such institution or corporation more than one fourth of his or her estate, after the payment of his or her debts, and such devise shall be valid to the extent of one fourth, and no such devise "shall be valid in any will which shall not have been made and executed at least two months before the death of the testator." *Held*, that a devise of real property to a corporation organized under such act, in a will executed 13 days prior to the death of testator, who left a wife, was void.

6. SAME—WHO MAY QUESTION VALIDITY.

The right to question the validity of such devise is not limited to the wife, child, or parent of the testator, but the heirs at law may take advantage of the provisions of the statute. *Stephenson v. Short*, 92 N. Y. 433, followed.

Action by Lena Hemmje against Johann Meinen, the German Odd Fellows' Home Association, Anna E. Meinen, Hugh H. Hoenack, Henry Ranken, Anna E. Meinen, Christian F. Meinen, Heinrich G. Meinen, Lenchen Jaspers, Johann Wilhelm Fittje, and Johann Friedrich Fittje, to declare void a devise of real property to the defendant the German Odd Fellows' Home Association, contained in the will of Gerd D. Meinen, deceased. Decree for plaintiff.

*Rabe & Keller*, for plaintiff. *R. M. Bruno*, for defendants Meinen. *F. Solinger*, for German Odd Fellows' Home Association.

McADAM, J. The action is to establish by a judgment of the court that a certain devise or testamentary disposition which Gerd D. Meinen attempted to make in and by his last will and testament, in favor of the defendant the German Odd Fellows' Home Association, is void, for the reason that the law under which the said association was organized provides that no devise to a corporation organized thereunder shall be valid in any will which shall not have been made and executed at least two months before the death of the testator. The complaint alleges, and the evidence shows, (there being no dispute as to the facts,) that Gerd D. Meinen, on April 15, 1890, made his last will and testament. That he died April 28, 1890. That the will was duly proved and admitted to probate, June 30, 1890, as a will of real and personal property, and letters testamentary were duly granted to the defendants Anna E. Meinen, Hugh H. Hoenack, and Henry Ranken, who duly qualified. That in and by the first paragraph of his will the said Gerd D. Meinen devises the house and premises known as "No. 98 Forsyth Street," New York, to his

wife, the defendant Anna E. Meinen, during her natural life, and after her death he devises the said house and premises to the defendants the German Odd Fellows' Home Association, to be their property absolute. That the said Gerd D. Meinen left him surviving his widow, the defendant Anna E. Meinen, and as his only heirs at law his mother, Wubke Sophia Meinen, who died on July 17, 1890; his brothers, the defendants Johann Meinen, Christian F. Meinen, Heinrich G. Meinen; his sister, the plaintiff Lena Hemmje; his niece, the defendant Lenchen Jaspers; and his nephews, the defendants Johann Wilhelm Fittje and Johann Friedrich Fittje. That he left him surviving no father, child, or children, nor issue of any deceased child or children. That the defendant the German Odd Fellows' Home Association is a domestic corporation organized under chapter 319 of the Laws of 1848, as a benevolent and charitable corporation. That the said Gerd D. Meinen died seised of the said premises No. 98 Forsyth street, New York. Gerd D. Meinen, at the time of his death, was in possession of the property No. 98 Forsyth street. Since his death the widow has been in possession, collecting the rents and income. The German Odd Fellows' Home Association is not in possession.

The first question to be determined is whether the action can be maintained. The German Odd Fellows' Home Association claims that the action is, in effect, one for the construction of a will, and that such action can be maintained only by virtue of the jurisdiction of a court of equity over trusts, and that such jurisdiction does not exist except where the action is brought by an executor, trustee, or *cestui que trust* to enforce a correct administration of the powers conferred by the will, and hence does not apply here. *Whitney* v. *Whitney*, (Sup.) 18 N. Y. Supp. 9. The courts have repeatedly held that a devisee who claims a mere legal estate in the real property of the testator, when there is no trust, cannot maintain an action for the construction of the devise, but must assert his title by a legal action, or, if in possession, must await an attack upon it, and set up the devise in answer to the hostile claim. *Weed* v. *Weed*, 94 N. Y. 243; *Wager* v. *Wager*, 89 N. Y. 168; *Drake* v. *Drake*, 41 Hun, 366; *Jones* v. *Jones*, 1 How. Pr. N. S. 510; *Tiers* v. *Tiers*, 98 N. Y. 568. That the foundation of the jurisdiction of actions for the interpretation of wills rests on the jurisdiction which a court of equity has over trusts has been settled beyond dispute. *Horton* v. *Cantwell*, 108 N. Y. 267, 15 N. E. Rep. 546; *Anderson* v. *Anderson*, 112 N. Y. 110, 19 N. E. Rep. 427; *Bailey* v. *Briggs*, 56 N. Y. 413; *Chipman* v. *Montgomery*, 63 N. Y. 230. These cases proceed on the theory that the party must assert and rely upon his legal remedies, where these are sufficient for all the purposes required.

In the case at bar, the object and purpose is not to obtain a construction of any provision of the will, or to determine the legal title to the real estate in the possession of the German Odd Fellows' Home Association; on the contrary, the association is not in possession of the property. The object is to declare void a devise upon showing the existence of certain facts and circumstances, and removing a cloud, as it were, now upon the title of certain persons, who, if the devise is set aside, will have a vested remainder. These questions cannot be determined in an action at law to recover possession of the property, because the German Odd Fellows' Home Association is not in possession. The heirs at law of Gerd D. Meinen, deceased, ask to have it determined that they have a present interest in the premises, and that they should not be compelled to wait until the life tenant (the widow) dies, and the association comes into possession of the premises, before attacking the validity of the devise; for, if the devise is void, the heirs are vested of an estate which is descendible, devisable, and alienable in the same manner as estates in possession. 3 Rev. St. (7th Ed.) p. 2178; *Sheridan* v. *House*, *43 N. Y. 569. There is force in this contention. The heirs at law have no present remedy at law. Ejectment will not lie for the reasons: (1) The

heirs have neither a present legal title nor an immediate right of possession; (2) the Odd Fellows' Association is not in possession, and has no right of possession until the death of the life tenant, and such an action will not lie against it as the remainder-man during the continuance of the particular estate. *Shaver* v. *McGraw*, 12 Wend. 562. Section 1537 of the Code, authorizing heirs at law, whether in or out of possession, to maintain actions for the partition of realty, notwithstanding an apparent devise to another and possession under such devise, is inapplicable, for the reason that the Odd Fellows' Home Association is not in possession under the devise, and not entitled to possession till the death of the life tenant, and the heirs have neither actual nor constructive possession. *Greene* v. *Greene*, (Sup.) 7 N. Y. Supp. 30.

As the property consists of one house and lot which is incapable of actual partition between the claimants, no sale can be ordered without the written consent of the life tenant, which is unobtainable. Code, § 1533; *Sullivan* v. *Sullivan*, 66 N. Y. 37; *Hughes* v. *Hughes*, 11 Abb. N. C. 37, affirmed 30 Hun, 349; *Woodward* v. *James*, 115 N. Y. 346, 22 N. E. Rep. 150; *Scheu* v. *Lehning*, 31 Hun, 183. If equity can afford the heirs no relief, they occupy the anomalous position of having a right without a remedy. This cannot be. Jurisdiction in equity attaches where legal remedies are doubtful, incomplete, or insufficient. 1 Pom. Eq. Jur. (2d Ed.) §§ 180–185; Story, Eq. Jur. § 49. Section 1866 of the Code provides that "the validity, construction, or effect, under the laws of the state, of a testamentary disposition of real property situated within the state, or of an interest in such property, which would descend to the heir of an intestate, may be determined in an action brought for that purpose, in like manner as the validity of a deed, purporting to convey land, may be determined." The words of the statute are very broad and comprehensive in their meaning. The relation of the plaintiff to the testator and the terms of the will are such as to make a case within the provision of the statute, and give the court jurisdiction, on the application of the heir at law, to interpret and adjudge that any of the several devises are void. *Adams* v. *Becker*, 47 Hun, 65. In *Anderson* v. *Anderson*, 112 N. Y., at page 115, 19 N. E. Rep. 427, the court, referring to *Adams* v. *Becker*, (*supra*,) said: "That case simply holds that under section 1866 an action can be brought for the construction of a disputed and doubtful devise contained in a will, although no trust is created thereby. Whether that section has wrought such a change in the law upon that subject we do not say." Whether it has or not, or whether that provision is to be regarded as simply declaratory of the then existing state of the law, the court must be held to have jurisdiction in this instance, or the heirs are remediless. *Brady* v. *McCosker*, 1 N. Y. 214. In *Read* v. *Williams*, 125 N. Y., at page 566, 26 N. E. Rep. 730, the court said: "The Code of Civil Procedure, (section 1866,) has extended the remedy so as to include suits for construction of devises in behalf of heirs claiming adversely to the will, and it would not be consistent with the spirit of this legislation to narrow the jurisdiction in cases of bequests of personalty." The *dicta* of the court of appeals, as far as expressed, certainly favor the jurisdiction asserted. The devise in favor of the association is in the nature of a cloud on the title, and the defect in it can be made to appear only by extrinsic evidence, which will not necessarily appear in proceedings to enforce it. The heirs are entitled to have it removed, that their title may be freed from it. See *Marsh* v. *City of Brooklyn*, 59 N. Y. 280, 283; *Coit* v. *Grey*, 25 Hun, 444. In such an action possession is not necessary where the title is an equitable one, incapable of effectual assertion at law. 2 Amer. & Eng. Enc. Law, p. 303.

Having disposed of the question of jurisdiction, we next approach the question whether the devise to the Odd Fellows' Home Association is valid. Our statute in regard to benevolent and charitable societies, passed April 12, 1848, contains the following provision: "Any corporation formed under this

act shall be capable of taking, holding, or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of $10,000, provided no person leaving a wife or child, or parent, shall devise or bequeath to such institution or corporation more than one fourth of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one fourth; and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator." The German Odd Fellows' Home Association is subject to the restrictions of the act of 1848. It was incorporated under that act; it so appears on the face of its certificate of incorporation. The policy of the state, so far as this class of corporations is concerned, was established by the act of 1848. These provisions were made to guard against improvident testamentary dispositions of property *in extremis*, in derogation of the claims of near relatives; they are wise and salutary, such as ought to apply to this, as well as other societies. Will. Eq. Jur. 567; *Beekman* v. *People*, 27 Barb. 305; *McCaughal* v. *Ryan*, Id. 377, 411, 412; *Bascom* v. *Albertson*, 34 N. Y. 584, 601.

An act of incorporation authorizing a corporation to take property will be construed to mean subject to the restrictions and incapacities created by other general statutes. *McCartee* v. *Society*, 9 Cow. 437. It has been suggested that none but the wife, child, or parent can raise the question, but it has been otherwise adjudicated, and held that these restrictions upon gifts by will have a far broader and more general design than the protection and assistance of certain specified relatives of a testator, and look rather to the establishment of a general public policy than to the advancement of private personal interests. The heirs at law of the testator may raise the question, and take advantage of these provisions. *Stephenson* v. *Short*, 92 N. Y. 433. It is true the certificate of incorporation of the German Odd Fellows' Home Association says that it is incorporated under article 3, tit. 6, Rev. St. April 12, 1848, and there is, in fact, no article 3, tit. 6, Rev. St., which contains the act of 1848. But the certificate refers to April 12, 1848. By reference to the original act, (Sess. Laws, 1848,) it will appear that the law was passed on that day, and it is clear that the defendant intended to organize under chapter 319, Laws 1848; in fact, unless organized under a special act, (which is not claimed,) the corporation could organize under no other act than that of 1848, and, if it is not legally incorporated, it was incapable of taking. *Marx* v. *McGlynn*, 88 N. Y. 357. In *Re Kavanagh's Will*, 125 N. Y. 418, 26 N. E. Rep. 470, the legislature made an error similar to the one made in the certificate of the German Odd Fellows' Home Association, by referring to an unofficial edition of the Revised Statutes. The court held that the legislature in fact intended to refer to a certain provision in the official Revised Statutes. That a devise to corporations formed under the law of 1848, in a will made less than two months prior to the death of testator, is void, is well established. *Le Fevre* v. *Le Fevre*, 59 N. Y. 434; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Stephenson* v. *Short*, 92 N. Y. 433. The will not having been executed within two months of the death of the testator, who left a wife, the devise to the Odd Fellows' Home Association is void, and the plaintiff is entitled to a decree to that effect, and declaring that the testator in respect to the property covered thereby died intestate, and that the same descended to his heirs at law, subject to the life estate of the widow. Decree accordingly.