BROWN, P. J.
The appellant alleges in his complaint that he is seised of an undivided one-quarter of a certain lot of land, with the buildings thereon, situated on Myrtle avenue, in the city of Brooklyn, the lot being 22 feet in front and in rear, and 75 feet deep ; and he seeks in this action a judgment directing a sale of said land, and a division of the proceeds among the several tenants in common. The appellant is the son of Sarah Arthur, who died seized of said land in March, 1882. Mrs. Arthur left, surviving her, her husband, the defendant Henry Arthur, and four children, all' of whom were minors at the time of their mother’s death. Mrs. Arthur left a last will and testament, which was duly admitted to probate as a will of real and personal property, whereby she devised to her husband, as her exe *813 cutor, all the property of which, she died seized, upon the following trust:
“ First. To convert the same, or such portions thereof as shall in ‘his judgment seem best, into cash, and to keep the same, and the proceeds and income of all my estate,-after paying the necessary expenses, safely invested.
“ Second. To pay such sum as may be necessary for the expense of supporting, maintaining and educating each and all of my children, in such manner as my husband shall deem suitable and proper, until my said children shall arrive at the age of twenty-five years.
“ Third. Upon the arrival of my said children, respectively, at the age of twenty-five years, to distribute and pay over to them, ■respectively, such portion of my estate as they would be entitled ■to in case of my dying intestate.
“ Fourth. In case of the decease of any of my said children before arriving at the age of twenty-five years, and leaving issue ■surviving him or 'her, such issue to take, upon the decease of their parent as aforesaid, that proportionate part of my said estate, with its accumulation, to which the said parent would be entitled had he or she attained the age of twenty-five years at the time of said ■decease.”
It is the appellant’s contention that the trust thus created by the will is one which permits an accumulation of the rents and profits of land for a period extending beyond the minority of the beneficiaries, and is therefore void as respects the time beyond such minority (1 Rev. St. p. 726, §§ 37, 38); and that the plaintiff became seised of an undivided fourth of said property, and entitled to the possession thereof, on attaining the age of twenty-one years. If the trust created by the will was one solely for the accumulation of the rents and profits of land, or any part thereof, this argument might prevail. But one of the cardinal rules for the construction of a will is to give effect to the manifest intents of the testator, as deduced from the lunguage of the instrument; and it is quite clear in this case that Mrs. Arthur did not intend, under any circumstances, that her children should have possession of their share in corpus of the estate until they, respectively, reached the age of twenty-five years. Until that period arrived, the trust was to continue, and the children’s right therein was to draw their support and maintenance from the trust fund. The direction that the sum to be applied to the support and maintenance of the children was such amount only as the trustee should deem necessary for that purpose was incident only to the main purpose of the testatrix, which was to provide for the education, support and maintenance of her children until they reached the age of twenty-five years. It is impossible, therefore, to avoid the conclusion that, if the appellant’s argument is sound, the result must be to render the whole trust void, in which case the property passed to the children under the statute of descent, subject to their father’s estate for life as tenant by courtesy; and as it is evident that there could not be actual partition of a city lot 22x75 feet, with buildings thereon, the appellant would not be entitled to have the property sold, un *814 less his father consented thereto, in writing;' and we should be compelled for that reason to affirm the judgment dismissing the complaint. Code Civ. Proc. § 1533. But we are of the opinion that the trust estate created by the will is valid. An accumulation of the rents of real estate is not specifically directed, nor was-such the purpose of the testatrix.' The sum to be applied and expended for the support of the children was not limited to the-income, but might be drawn from the corpus of the estate. The testimony shows that the estate of the testatrix consisted of the property described in the complaint, and twenty or more' vacant and unproductive lots in the city of Brooklyn; and it is quite evident, I think, that the condition which the testatrix contemplated and provided for was not a surplus of rents and profits which might accumulate in the trustees’ hands, but an income insufficient, for the support of her children, which was provided against by granting to the trustee power to use the principal of the estate for that purpose. If the language of the instrument before us is capable of two constructions, it is our duty to adopt that which will render the trust legal and operative, rather than one which would render it void. It does no violence to the language of the will to-hold that, the main purpose of the testatrix being to create a trust for the suppost and. maintenance of her children, each child became entitled to the whole of his or her share of the rents or profits of the real estate upon attaining the age of twenty-one years. Accumulation of any possible surplus of the land was-valid until the period arrived, and there is nothing in the will which indicate any intention of the testatrix that, after that period arrived, an illegal accumulation was intended. Full effect is given to the use of the word “accumulation” in the last clause of the* will, by limiting its meaning to such sum as had legally accumulated in the hands of the trustee before the deceased child had attained his or her majority. The language of the instrument, permits this construction, and, under well-settled rules applicable to the interpretation of wills, it is our duty to adopt it.
The judgment should be affirmed, with costs. All concur.