(21 App. Div. 139.)     HARDING v. CRAFT et al.

(Supreme Court, Appellate Division, Second Department.   October 5, 1897.)

PARTITION—RIGHT TO MAINTAIN—REMAINDER-MEN.
     Defendant M. owned an undivided interest in fee in real property, and
     a life estate in another undivided interest therein, while plaintiff owned
     a vested remainder.  Defendant refused to consent to a sale.  Held, that
     plaintiff could not sue for partition under Code Civ. Proc. § 1532, author-
     izing a partition between persons holding and in possession as joint ten-
     ants, or as tenants in common, in which either of them has an estate,
     etc.; section 1533, authorizing a partition where two or more persons hold
     as joint tenants or as tenants in common an estate in remainder, subject
     to the interest of the person holding the particular estate; but permitting
     no sale except with the consent of such person; and section 1538, provid-
     ing that no person other than a joint tenant or a tenant in common shall
     be a plaintiff in partition.

Appeal from special term, Kings county.

Action by Henry C. Harding against Josephine Craft, individually and as executrix of the will of Samuel Craft, deceased, and others. From a judgment for defendants, entered on a decision of the court after a trial, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Moses Weinman, for appellant.
John Andrew Beck, for respondents.

HATCH, J.   This is an action brought by the plaintiff, who is the owner of a vested remainder in certain lands, situate in the counties of Kings and Queens, for a partition of the same.   The defendant Matilda H. Craft is the owner in fee of an undivided interest in the property, and is also the owner of a life estate in an undivided $1133/3000$ interest in the Kings county property, and of an undivided $\frac{1}{3}$ in the Queens county property.   The property in Kings county consists of a lot 20 by 90, with a brick dwelling house thereon, somewhat fallen into decay, and worth about $3,000.   The property in Queens county consists of about 100 acres of farm land, with old buildings thereon, the substantial value being in the land.   It has a woodland frontage upon the highway of about 300 feet, running back therefrom about 1,500 feet; is nearly square in form, the bulk of it being cut off from any· highway by intervening owners.   Matilda H. Craft, the life tenant, refuses to consent to a sale of the property which is the sub-ject of the action.   Prior to the adoption of the Code of Civil Pro-cedure, a remainder-man could not maintain an action of partition against a person who held a life estate in the premises sought to be partitioned, and it was doubted if he could compel partition between himself and persons seised of a life estate, subject to the interest of the life tenant.   Sullivan v. Sullivan, 66 N. Y. 37.

By section 1533 of the Code, authority was conferred to maintain partition in a case where two or more persons held as joint tenants or as tenants in common an estate in remainder, according to their respective shares therein, subject to the interest of the person holding the particular estate. But no sale of the premises could be had except with the consent of the person holding the particular estate. The language of this section seems to limit the right of remainder-men to partition among themselves, where they appear as owners of the property, subject to the life estate. This construction is borne out by the provisions of section 1532, where partition is authorized between persons holding and in possession as joint tenants or as tenants in common, in which either of them has an estate, etc., according to the respective rights of the persons interested therein. This is the general power conferred to partition, and extends the authority to the persons named, according to their rights and interest. The authority conferred upon the remainder-man by the next section is limited, and relates to their respective shares therein. There is a distinct limitation in this language; for if it was intended that remainder-men could institute an action of partition among themselves, and against tenants in fee, then there would have existed no reason for a change in phraseology, or, for that matter, for conferring upon them separate authority, as they could have been embraced in the first section as easily as to point out their particular right in a second. And this is further made clear by section 1533, read in connection with section 1538. By the former, the remainder-man is limited in his right to maintain partition, unless he or his co-owners own the whole property subject to the life estate. The express provision of the latter section is: "No person other than a joint tenant, or a tenant in common of the property, shall be a plaintiff in the action." In the present case the plaintiff does not answer this requirement, as he is neither a joint tenant nor a tenant in common, and is not in possession, either actual or constructive. Sullivan v. Sullivan, supra. It is quite clear that, by the adoption of these sections of the Code, it was not thereby intended to change the rule relating to the rights of remainder-men to maintain partition, beyond the express authority conferred. In the main, the object was to allow partition in a case where the holder of the life estate or other tenancy consented to a sale of the premises; and, while the rule is extended somewhat beyond this, it is clear that it should be held within the prescribed limits. It is as evident now as before the Code that any actual partition of the interests in remainder, even though equal when the partition was made, may become greatly unequal at the time of the devolution of the estate, in consequence of which partition should not be allowed, except in a case coming fairly within the terms of the Code. Such is not the present case. If, however, the action could be maintained, we are of opinion that actual partition of the property could not be made without prejudice to the rights of the respective owners; and, as the life tenant does not consent to a sale, there can be no partition.

The judgment dismissing the complaint was right, and should be affirmed, with costs. All concur.