In the Matter of the Estate of MARTIN L. FENTON, Deceased.

Surrogate's Court, Chautauqua County, August 14, 1924.

Wills — construction — provision in will gave executor and trustee power to sell real property, with certain exceptions, and pay all debts — provisions providing for accumulations deemed surplusage where sale has been made — absolute ownership of decedent's property deemed suspended only during lives of wife and son.

Decedent's will which provides that his executor and trustee shall collect the rents, issues and profits from the real property and the income from his personal property and directs that at least ten per cent of a stated and standing indebtedness be paid out of such income does not offend the statute against accumulations where by another provision in the will the trustee and executor is given the power of sale of decedent's property, with certain exceptions, in order to pay his indebtedness, which power has been expressed, since the provisions providing for accumulations may be regarded as surplusage.

Nor does the will suspend the absolute ownership of real or personal property beyond two lives in being where it provides that upon the death of testator's wife and son his property shall vest either in a nephew, or certain others in the contingency of his nephew's death, and that the executors shall pay to his nephew's wife and decedent's niece the annuities given to them in proportion as they shall take the estate.

The provision in the will charging annuities upon the estate is legal since such legacies are chargeable upon decedent's residuary estate.

PROCEEDING for construction of will.

*J. Delevan Curtis*, for Brewer D. Phillips, executor.

*Harry R. Lewis*, for Bertha Sprague Fenton.

*Edward J. Green*, for Harry W. Fenton.

*Robert H. Jackson*, for Roswell Fenton, and as special guardian for Doris Fenton, Betty Fenton and Martin L. Fenton.

*Benjamin S. Dean*, special guardian for Fenton Prittie and Floyd Prittie.

*Frank H. Mott*, special guardian for Augustine LeClerq and Roswell LeClerq.

REXFORD, S. This is a proceeding instituted by Clora F. Bowers under the provisions of section 145 of the Surrogate's Court Act, praying for the construction of the last will and testament, and a codicil to the last will and testament of Martin L. Fenton, deceased. The decedent died on the 15th day of February, 1922, leaving a last will and testament, bearing date the 24th day of July, 1916, and a codicil to his last will and testament, bearing date the 29th day of October, 1919.

The petitioner is the daughter of Thomas J. Fenton, deceased,

who was a brother of Martin L. Fenton, the testator, and so far as this proceeding is concerned, is an interested party and is entitled to ask for the determination of the validity and the construction of the provisions of the last will and testament and the codicil to the last will and testament of Martin L. Fenton, deceased. The provisions of the will which the petitioner asserts offend against the statute of the state, are the 1st, 2d, 3d, 5th, 6th and 7th clauses of the testator's will, which read as follows:

"*First.* I direct the payment of all my funeral Expenses and of all my just debts in the usual course of administration, with the exception of my stated and standing indebtedness for borrowed money, represented by notes, which obligations it is my will shall be paid as hereinafter specified, provided such arrangements can be made with the holders of the same.

"*Second.* I give and bequeath to my wife, Bertha Sprague Fenton, my son, Harry W. Fenton, and his wife, Charlotte Fenton, and my nephew, Roswell Prittie (son of my sister, Lucy Fenton Prittie) the use of all my household goods, horses, rigs, carriages, tools and implements, and office furniture, during the lifetime of my said wife, and my said son, Harry W. Fenton, and the survivor of them, to be used by them in common with full power and authority in my executor hereinafter named, to keep same in repair and to replace the same when necessary for their comfort during such period, as an expense to my estate, and at the death of such survivor, the same, thus preserved and renewed, to revert to and become a part of my residuary estate.

"*Third.* I give, devise and bequeath to my said wife, Bertha Sprague Fenton, and my said son, Harry W. Fenton, and my said nephew, Roswell Prittie, the use, likewise in common, of my residence, known as No. 509 Prendergast Avenue, in the City of Jamestown, N. Y. (not including however the extra house on the lot at the corner of Prendergast Avenue and Sixth Street), during the term of the natural life of my said wife, Bertha Sprague Fenton, and my said son, Harry W. Fenton, and the survivor of them; at the death of the survivor of my said son and my said wife, such residence to revert to and become likewise a part of my residuary estate. It being my intention that as long as my said wife and son live, and the survivor of them, that they, my said wife and said son, and his wife, and my said nephew, Roswell Prittie, shall have the use of my residence and the furnishings and equipment thereof, as above specifically referred to, that is, continue to live in my home as in the past, and with all taxes, insurance, repairs and replacements made as an expense to my estate, and paid out of the income thereof   *   *   *

Surrogate's Court, Chautauqua County, August, 1924.          [Vol. 123

*"Fifth.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executor hereinafter named, but in trust nevertheless and for the following uses and purposes, that is to say: While my said son, Harry W. Fenton and my said wife, Bertha Sprague Fenton, and the survivor of them live,

" 1. To keep my personal property invested in interest bearing securities.

" 2. I authorize him to sell and convey any real estate owned by me except business blocks and real estate on Main, Second and Third Streets in the City of Jamestown, and if such sale or sales are made while my estate is indebted, to use the proceeds toward the payment of my said stated indebtedness, and when all indebtedness owing by me is paid in any manner whatsoever, then to invest the proceeds in interest bearing securities as to him may seem proper, safe and reliable, and the principal of the same to become a part of the corpus of my residuary estate. It is not my intention, however, that the said residence be sold by him without the approval and consent in writing of my said wife, son and nephew.

" 3. To receive, as the same becomes due, the principal of any personal property which I may leave at my death, and to collect and receive the principal of investments made from the proceeds of the sale of real estate, as above authorized, and to reinvest the same in the discretion and judgment of my said executor and trustee in such interest bearing securities, and to keep the same invested; likewise, to collect and receive the interest on such personal property and said investments and the income, rents, issues and profits of my real estate, and from such interest, rents, issues, income and profits, to pay all taxes assessed against my estate and property, all insurance premiums necessary to keep all buildings properly insured, and all necessary repairs (including taxes, insurance and repairs on my residence first above mentioned, and the repairs and replacements of household goods, furnishings, carriages, horses, tools and equipments as above specified), from the date of my death; and likewise, to pay the interest upon any such stated indebtedness owing by my estate and at least 10% each year of the principal of the same and from the balance of such interest, rents, issues, income and profits, while my estate is indebted, if sufficient for that purpose annually, to pay monthly to my said wife, Bertha Sprague Fenton, my said son, Harry W. Fenton, and my said nephew, Roswell Prittie, the sum of One Hundred Dollars ($100) each, and if not sufficient for that purpose, then all of such rest, residue and remainder of the income aforesaid,

Misc. 658]    Surrogate's Court, Chautauqua County, August, 1924.

annually, in proportion, each the one-third part thereof, and if more than enough for that purpose, then to apply the rest, residue and remainder of such income, rents, interest, issues and profits, from time to time, to the liquidation and payment of my said stated indebtedness owing by me at the time of my death; likewise and after all my debts are paid and discharged in full, to continue during such period to receive and collect all of such income, rents, issues and profits from my estate as above specified, and to continue to pay the taxes, the insurance premiums and repairs and the replacements and repairs on my household goods, etc., as above indicated, and from the residue each year to pay to my niece, Alice Haynes, annually during the term of her natural life, the sum of Five Hundred Dollars ($500) and to pay the balance of such net income from said interest, rents, issues and profits to my said wife, Bertha Sprague Fenton, my said son, Harry W. Fenton, and my said nephew, Roswell Prittie, in equal proportions annually, as long as my said wife, Bertha Sprague Fenton, and my said son Harry W. Fenton, and the survivor of them shall live.

" 4. I authorize my said executor and trustee to employ in the looking after the repairs of my real estate, the payment of insurance premiums and the taxes and the collection of the rents and the running and carrying on of my farm, my said son while living and capable and willing to do the same, or my said nephew, Roswell Prittie, or either or both of them, according to his judgment, they however to report to and be subject to the direction of my said executor generally, it being my intention in this respect to give my said son and said nephew the opportunity of being employed and in close touch with my affairs and property — their recompense however in that respect to be their share of such net income as above defined.

" Sixth. At the death of the survivor of my said wife, Bertha Sprague Fenton, and my said son, Harry W. Fenton, I direct my said executor to turn over, deed and assign to my said nephew, Roswell Prittie, all the rest, residue and remainder of my estate, both real and personal, including the residence, household goods and personal property above mentioned; and I do hereby give, devise and bequeath to him, the said Roswell Prittie, all such rest, residue and remainder of my estate, to be his absolutely upon the death of the survivor of my said wife and son; should it transpire however that at the death of the survivor of my said wife and son, the said Roswell Prittie should not be living, and should have died leaving him surviving a child or children, or child or children of his child or children, or both, then likewise, I give, devise and bequeath such rest, residue and remainder to such children of the

said Roswell Prittie him surviving — the child or children of his deceased child or children to take the share that the parent would have taken hereunder if living, and to share therein *per stirpes* and not *per capita*, but if it transpires that the said Roswell Prittie should die prior to the death of the survivor of my said son and wife, and not leave child or children, or child or children of a deceased child or children of his, as lastly above mentioned, him surviving, then and in such case, I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, as follows. One equal part to a class composed of my niece, Alice Haynes, absolutely, if living, or her child or children her surviving, if she be dead and leave child or children her surviving one equal part to a class composed of the children of my sister, Wealthy Georgi; one equal part to a class composed of the children of my nephew, Harry W. Prittie; one equal part to a class composed of the children of my niece, Lucile Prittie LeClercq — in each instance in such cases, the child or children of a deceased person entitled to take hereunder, if living, to take the share of such deceased parent and each class to receive and divide its share *per stirpes* and not *per capita;* and in this connection, I hereby authorize and empower my executor and trustee hereinafter named to make the necessary partition and division of my estate, dividing such rest, residue and remainder first into as many parts as there are classes to receive the same at such distribution period, and to turn the same over according to the above provisions, and if necessary to sell the same, or any part thereof, for that purpose, including the said property on Main, Second and Third Streets in the City of Jamestown, N. Y.

" *Seventh.* In case, however, that my son's wife, Charlotte Fenton, survives my wife and son, I direct that those taking under this will, pay to her annually during the balance of her natural life, One Thousand Dollars ($1000), and to pay the same proportionately, as they shall have received under the provisions of my will. And in case my said niece, Alice Haynes, survives my wife and son aforesaid, and said Roswell Prittie or his child or children or descendants of his child or children become entitled to such rest, residue and remainder of my estate, as above provided, I direct him or them, as the case may be, to pay to the said Alice Haynes during the term of the balance of her natural life, the sum of Five Hundred Dollars ($500) annually, both of which annual incomes I charge upon my estate.

" It is possible that at my death, the said Roswell Prittie shall be known by the name of Roswell Fenton, but the person that I have in mind and to whom it is my intention that my property

shall go in case he survives my wife and son, is now known as Roswell Prittie, and is the son of my sister, Lucy Fenton Prittie, and if his name be changed to Fenton, it will doubtless be done at my request, as I have asked him to do so.     There is no condition, however, in that respect, attaching in this connection, or any part of my will.

" The provisions for my wife, herein set forth, are to be received and accepted in lieu of dower and thirds in my estate."

The testator provides in the 1st clause of his will for the payment of all his funeral expenses and all his just debts in the usual course of administration, with the exception of stated and standing indebtedness for borrowed money represented by notes, "which obligation it is my will shall be paid as herein specified, providing such arrangements can be made with the holders of the same."

In connection with the 1st clause, the testator provides in the 3d clause of his will for his executor to collect and receive the principal of the investments made from the proceeds of the sale of real property, and to reinvest the same in interest-bearing securities, and to collect and receive the interest on such personal property and from such investments, and the income, rents, issues and profits of his real property, to pay taxes, insurance premiums and repairs, and then says, specifically:  " To pay interest upon any such stated indebtedness owing by my estate and at least ten per cent each year of the principal of the same," and to pay monthly to his wife, Bertha Sprague Fenton, Harry W. Fenton and one Roswell Prittie, the sum of $100 each, and if that should not prove sufficient to pay the residue and remainder of the income aforesaid annually in proportion each one-third part thereof, and if there is more than enough to take care of the above mentioned persons, then to apply the rest, residue and remainder of such income, rents, issues and profits from time to time to the liquidation and payment of his stated indebtedness owing at the time of his death. Then he provides after all his debts are paid and discharged in full, to continue during such period to receive and collect all such income, rents, issues and profits from his estate as above specified, and to pay to Alice Haynes annually during the term of her natural life, the sum of $500, and to pay the balance of such net income from said estate, rents, issues and profits to his wife, Bertha Sprague Fenton, Harry W. Fenton and his nephew, Roswell Prittie, in equal proportions annually, during the lifetime of his wife, Bertha Sprague Fenton and Harry W. Fenton.  Then he provides, further, upon the death of his wife, Bertha Sprague Fenton, and Harry W. Fenton, that all of the rest, residue and remainder of his estate, both real and personal, shall go to Roswell Prittie, and in case

of the decease of Roswell Prittie, to those mentioned in the 6th paragraph of his will, to be his or theirs absolutely. He then provides that Roswell Prittie or those who shall take under the 6th paragraph of his will shall pay to Charlotte Fenton, wife of Harry W. Fenton, if she survives Bertha Sprague Fenton and Harry W. Fenton, the sum of $1,000 per year.

The petitioner asserts these provisions offend the statute providing against unlawful accumulations, and offend the statute against suspending the vesting of the title to property for a longer period than two lives in being at the time of the death of the decedent, in violation of section 61 of the Real Property Law and section 16 of the Personal Property Law, and in violation of section 42 of the Real Property Law and section 11 of the Personal Property Law.

The petitioner asserts that the direction for the executor and trustee to collect the rents, issues and profits from the real property and the income from his personal property, and directing that at least ten per cent of his stated and standing indebtedness be paid out of this income, offend the statute against accumulations, as above set forth. However, the testator provides in the 2d paragraph of the 5th clause of his will, for his executor to sell and convey any real estate owned by him, except business buildings and real estate on Main, Second and Third streets in the city of Jamestown, and if such sale or sales are made while his estate is indebted, to use the proceeds towards the payment of said stated indebtedness, and when all indebtedness owing by him is paid, in any manner whatever, then to invest the proceeds in interest-bearing securities as to him may seem proper, safe and reliable, and the principal of the same to become part of the corpus of his residuary estate.

The rule is well settled in this state, that where the provisions of an instrument are capable of two constructions, one legal and the other illegal, the court will adopt that which will render the trust legal and operative, rather than one which will render it void and illegal. *Arthur* v. *Arthur*, 3 App. Div. 375; *Equitable Trust Company* v. *Miller*, 197 id. 391–402; *Peoples' Trust Co.* v. *Flynn*, 188 N. Y. 385–393; *Hascall* v. *King*, 162 id. 134–152; *Greene* v. *Greene*, 125 id. 512.

The executor and trustee had the power of sale under the 2d paragraph of the 5th clause of the testator's will to sell the real property with certain exceptions, and to pay all his debts. This it seems has been done and the provisions providing for accumulation are surplusage and should be disregarded, and the objection

Misc. 658]    Surrogate's Court, Chautauqua County, August, 1924.

made by the petitioner to this will as violating the Statutes of Accumulations is untenable.

Relative to the suspension of the absolute ownership of real or personal property for a period longer than during the continuance or until the termination of not more than two lives in being at the time of the death of the testator, which the petitioner asserts offends against the statute above referred to, as to the suspension of absolute ownership, the clause in the will which the petitioner cites as suspending the power of alienation beyond the two lives in being is the 7th clause, in which he provides that if Charlotte Fenton, wife of Harry W. Fenton, survives Bertha Sprague Fenton and Harry W. Fenton, then he directs that those taking under his will pay to her annually during the balance of her natural life the sum of $1,000, and that the same be paid proportionately as they shall receive under the provisions of his will. He further provides under the same clause that in case his niece, Alice Haynes, survives Bertha Sprague Fenton and Harry W. Fenton, then the said Roswell Prittie, or those who take under the 6th paragraph of his will, to pay to the said Alice Haynes during the term of her natural life the sum of $500 annually, both of which annual incomes be charged upon his estate, and the petitioner asserts these violate the statute in regard to the suspension of absolute ownership beyond the two lives in being. The testator, however, provides under the 6th paragraph of his will that at the death of the survivor of his wife Bertha Sprague Fenton and Harry W. Fenton, that his executor is to turn over, deed and assign to his nephew, Roswell Prittie, all the rest, residue and remainder of his estate, both real and personal, and says that he does give, devise and bequeath to him, the said Roswell Prittie, all such rest, residue and remainder of his estate, to be his absolutely upon the death of his wife, Bertha Sprague Fenton and Harry W. Fenton, and provides that if Roswell Prittie should not be living at the time of the death of Bertha Sprague Fenton and Harry W. Fenton, then his property shall vest in certain persons named in the 6th clause of his will, so that the power of alienation is not suspended beyond the two lives in being, viz: Bertha Sprague Fenton and Harry W. Fenton, vesting either in Roswell Prittie, or those taking under the 6th paragraph of the testator's will, and that Roswell Prittie, or those taking under that paragraph, shall pay to Charlotte Fenton and Alice Haynes the annuities given to them in proportion as they shall take this estate, and he charges these annuities upon his estate, so that those taking under the 6th paragraph of his will are personally liable for such annual payments.

Surrogate's Court, Suffolk County, June, 1924.        [Vol. 123

It is the law of the state that these legacies are chargeable upon the residuary estate. *Buchanan* v. *Little*, 154 N. Y. 147, 152.

Or, if Charlotte Fenton and Alice Haynes should so desire, at the death of Bertha Sprague Fenton and Harry W. Fenton, the present value at that time of their annuities could be ascertained and the amount paid over to them, and the remainder of the estate distributed to the remaindermen. *Peoples' Trust Co.* v. *Flynn, supra*.

The absolute ownership of this property is suspended only during the lives of Bertha Sprague Fenton and Harry W. Fenton. At their death, it goes absolutely to those named in the 6th clause of the testator's will, and this does not offend against the Statute of Perpetuity, cited by the petitioner, and the will is construed to be a valid will to pass title to real and personal estate of the testator, and it is so construed and the title to the real and personal property is vested in Roswell Prittie, subject to the execution of the trust by Brewer D. Phillips, executor and trustee named in the will, under the provisions of said will. An allowance may be made to the guardians *ad litem* for the infants, and to the attorneys for Bertha Sprague Fenton, Harry W. Fenton, and Roswell Prittie, and the attorney for the executor and trustee, out of the estate, the petitioner to pay the statutory costs. Decree may enter accordingly.

Decreed accordingly.