FRANK SOPER, Respondent, *v.* JULIUS E. SOPER and Others, Defendants, Impleaded with JOSEPH J. SOPER, Individually and as Executor, etc., of JOSEPHINE SOPER, Deceased., Appellant.

Fourth Department, November 23, 1927.

**Partition — defenses — property was devised to children as tenants in common and life use of one house so devised was given to one child — life tenant in possession objects to sale — under Civil Practice Act, §§ 1012, 1014, property cannot be sold without consent of life tenant — rule applies though life tenant is also one of remaindermen.**

The property sought to be partitioned in this action was devised to the children of the testatrix as tenants in common, but one house and lot was devised to one of the children for life. The life tenant in possession refuses to consent to a sale of that house in partition.

A sale in partition, in an action by remaindermen, cannot be made under sections 1012 and 1014 of the Civil Practice Act without the consent of the life tenant, and this rule applies although the life tenant may be, as in this case, one of the remaindermen.

APPEAL by the defendant from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 7th day of April, 1927.

*Adrian S. Malsan,* for the appellant.

*Curtin & Curtin* [*Timothy Curtin* of counsel], for the respondent.

HUBBS, P. J. Josephine Soper died in the village of Whitesboro on the 25th day of December, 1925, leaving five children all of whom are parties in this action. At the time of her death she was the owner of two houses and lots in said village. She left a last will and testament in and by which she devised to her said five children said two houses and lots as tenants in common. In a separate clause in said will she devised to the defendant Joseph J. Soper the life use of the westerly of the two houses and lots. At the

death of his mother and at the time of the trial Joseph was in actual possession of the said westerly house and lot. Joseph was named as executor of the will.

This is an action in partition brought by one of said children against the other said children to compel a sale in partition of both houses and lots. The defendant Joseph interposed an answer in which he set up the fact that he became, under said will, the life tenant of the westerly of said two houses and lots, and that he was in possession of the same and had never consented to a partition or sale of said real property.

At Special Term a finding was made that said property could not be actually partitioned and a decree was entered directing a sale of both parcels with the provision that the westerly parcel should be sold subject to the life use of the defendant Joseph. The defendant Joseph filed exceptions to the decision of the Special Term and has brought this appeal. He does not question the judgment in so far as it directs a sale of the easterly house and lot.

The question for our determination is whether the Special Term was authorized to grant a decree directing the sale of the westerly house and lot of which Joseph had a life use.

Under the will the five children became tenants in common of both parcels of land and in addition the son Joseph took a life use of the westerly parcel, and he contends that that parcel cannot be sold in a partition action without his consent. At common law an action for the partition of real property could not be maintained by a remainderman seized of an estate subject to a life estate in a tenant in possession. (*Sullivan* v. *Sullivan*, 66 N. Y. 37; *Harding* v. *Craft*, 21 App. Div. 139.) That action was brought under the provisions of the Revised Statutes. Section 1532 of the Code of Civil Procedure provided: " Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property." In actions arising under that section of the Code of Civil Procedure the courts continued to follow the decision in the case of *Sullivan* v. *Sullivan* (*supra*). It was held that the section was not intended to change the law and a remainderman could not compel a partition and sale while a life tenant was in possession. (*Hughes* v. *Hughes*, 11 Abb. N. C. 37; 63 How. Pr. 408; affd., 30 Hun, 349.) Section 1532 of the Code of Civil Procedure was re-enacted without change as section 1012 of the Civil Practice Act.

Prior to 1887 section 1533 of the Code of Civil Procedure provided that " Where two or more persons hold, as joint tenants or as tenants

in common, a vested remainder or reversion, any one or more of them may maintain an action for a partition of the real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein. *But in such an action the property cannot be sold.*" (See Laws of 1880, chap. 178.) In an action for partition where said section applied, if it were found that an · actual partition could not be had without great prejudice to the parties, *a sale* could not be decreed. Under such circumstances it was necessary to dismiss the complaint. (*Scheu* v. *Lehning,* 31 Hun, 183; *Prior* v. *Prior,* 41 id. 613.) The case last cited was before the court again in 49 Hun, 502, where the principle was restated.

By chapter 683 of the Laws of 1887, section 1533 of the Code of Civil Procedure was amended by providing that the owner of a particular estate might consent to a sale of the property in a partition action by filing a consent in writing, duly acknowledged. Since said amendment it has been decided repeatedly that a sale in such an action where section 1533 applied could not be had without such written consent of the person holding the particular estate. (*Arthur* v. *Arthur,* 3 App. Div. 375; *Garvey* v. *Union Trust Co.,* 29 id. 513; *Harding* v. *Craft,* 21 id. 139; *Jeny* v. *Merkle,* 128 id. 833; *Hemmje* v. *Meinen,* 20 N. Y. Supp. 619.)

As Joseph J. Soper, the appellant and owner of the life estate, did not consent to a sale but by answer objected thereto, the judgment directing a sale of the parcel of which he had a life use was erroneously granted if section 1014 of the Civil Practice Act, which was a re-enactment of section 1533 of the Code of Civil Procedure, is applicable. It is urged that such section is not applicable because Joseph is a tenant in common of both parcels as well as the holder of a life estate in the westerly parcel. It was decided at Special Term that the action could be maintained and the property directed to be sold under section 1012 of the Civil Practice Act, as all of the parties were tenants in common of the real property in question. Such decision disregards the provisions of section 1014 of the Civil Practice Act, to the effect that where the parties to a partition action hold a vested remainder the property cannot be sold in such action without the written consent of the holder of the particular estate. It is conceded that the parties to this action hold a vested remainder in the westerly parcel of which Joseph holds a life estate. It would seem, therefore, that the prohibition contained in said section 1014 against the sale of real property in a partition action without the consent of the life tenant is applicable to the situation disclosed in this case.

The reason for prohibiting a sale in such an action was stated

in *Sullivan* v. *Sullivan* (*supra*), as follows: "There are obvious reasons why a remainderman should not, especially as against tenants in possession, whether of a term for years, for life or in fee, be entitled to institute the proceeding. Any partition which might be made at his instance, although equal when made, might be very unequal when his estate, should vest in possession. So, too, if actual partition could not be made, and a sale should be necessary, the tenants having a less estate than a fee might be deprived of the substantial benefit of their terms."

In *Harding* v. *Craft* (*supra*), which was decided after the amendment to section 1533 of the Code of Civil Procedure, made in 1887, it is said: "It is as evident now as before the Code that any actual partition of the interests in remainder, even though equal when the partition was made, may become greatly unequal at the time of the devolution of the estate, in consequence of which partition should not be allowed, except in a case coming fairly within the terms of the Code." The reason for the rule is just as clear in a case like this, where the life estate is limited to one-half of the real property devised, as in a case where the life estate is of all the property in litigation. Neither does the fact that Joseph is also a tenant in common of all the property as well as the holder of a life estate in one parcel thereof, make the reason for the rule less applicable.

I find nothing in the case of *Chew* v. *Sheldon* (214 N. Y. 344) which is in conflict. In that case the parties did not hold vested remainders and the premises were not subject to a particular estate.

As all the parties to this action are of full age and consent to a sale of the property except that part in which Joseph has a life estate, the judgment should be modified so as to provide for a sale of the property other than that in which Joseph has a life estate. The second conclusion of law should be modified in accordance with this opinion and the judgment as modified affirmed, with costs to the appellant.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Interlocutory judgment modified so as to provide for a sale of the property other than that in which Joseph has a life estate. Second conclusion of law modified in accordance with opinion. Judgment as modified affirmed, with costs to appellant.