Lily Feiner et al., Respondents, *v.* Ida Wolgemuth et al., Individually and as Executrices and Legatees of Etta Margolies, Deceased, Appellants, et al., Defendant.

Second Department, March 21, 1960.

176

*Hyman Finkelson* for appellants.

*David S. Meyer* for respondents.

NOLAN, P. J. The question presented on this appeal is whether the consent of a life tenant of an undivided one-quarter interest in real property is necessary for the maintenance of this action for partition by tenants in common, who are the owners in fee simple of other undivided interests in the property which are not subject to the life tenancy, and who also

hold vested remainders in the undivided one-quarter share of the property which is subject thereto.

The facts are not in dispute. Etta Margolies, the mother of all the parties to this action, devised the real property known as 307 Rockaway Avenue, Brooklyn, consisting of a single city lot, with one building on it, to her five children, as follows:

"FIFTHS   All of my real estate of which I may die seized shall be divided into fourths. I give and devise one fourth part to each of my daughters, FRIEDA TANNENBAUM, ROSE SCHREIBER and LILLIAN FINER. The remaining one-fourth part I give and bequeath to my daughter, IDA WOLGEMUTH, to have and to hold for during her life as a legal life estate with remainder over in fee to my children, FRIEDA TANNENBAUM, ROSE SCHREIBER, LILLIAN FINER and LOUIS MARGOLIES, share and share alike."

The defendant Louis Margolies has conveyed his interest in the property to appellants individually. By virtue of the devise the respondents each hold in fee simple, and have the right to possession of, an undivided one-quarter interest in the real property which is the subject of the action and also hold, in common with their sisters, the appellants herein, vested remainder interests in the undivided one-quarter share of the property which is subject to the appellant Wolgemuth's life estate. By virtue of the devise from her mother and the conveyance from her brother, the defendant Margolies, the appellant Tannenbaum is the holder in fee simple, and is entitled to possession, of an undivided one-quarter interest in the real property, as well as a remainder interest, subject to the life estate. The appellant Wolgemuth is the holder of a life estate in an undivided one-quarter interest in the property as well as a remainder interest therein, together with her sisters, the respondents and the appellant Tannenbaum.

The amended complaint contains two causes of action. The first, which is the only cause of action involved on this appeal, is for the partition and sale of the real property. The appeal is from so much of an order as (1) struck from the answer, as insufficient in law, an affirmative defense addressed to the first cause of action, (2) granted judgment thereon as demanded in the amended complaint, and (3) referred the first cause of action to a Referee to report as to the rights, shares and interests of the parties to the action, in the real property. The affirmative defense struck out by the order appealed from alleged that Ida Wolgemuth, the owner of the life estate, had not consented to the sale of the real property.

The issue which must be decided is whether the action may be maintained and the property sold pursuant to section 1012 of the Civil Practice Act, or whether the right to partition and sale must be denied, pursuant to section 1014 of that act. The issue arises because the respondents assert their right to compel the sale of the property, not only as tenants in common, entitled to possession as owners of an interest in fee, but also as tenants in common of a vested remainder who will have no right to possession, as such tenants, until the termination of the life estate, held by the appellant Wolgemuth. The appellants argue that, since the respondents assert the right to compel partition and sale as remaindermen, no sale of the premises may be made without the consent of the appellant Wolgemuth and, since concededly partition cannot be made without great prejudice to the owners, the action must be dismissed pursuant to section 1014 of the Civil Practice Act, which provides:

" Where two or more persons hold a vested remainder or reversion as joint tenants or as tenants in common, any one or more of them may maintain an action for the partition of the real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein, but no sale of the premises in such an action shall be made except by and with the consent in writing, to be acknowledged or proved and certified in like manner as a deed to be recorded, of the person or persons owning and holding such particular estate or estates; and if in such an action it shall appear in any stage thereof that partition or sale cannot be made without great prejudice to the owners, the complaint must be dismissed. The dismissal of the complaint, as herein provided, shall not affect the right of any party to bring a new action after the determination of such particular estate."

If the respondents sought to compel partition acting solely in the assertion of their vested remainder interests, section 1014 of the Civil Practice Act would undoubtedly be controlling. (See Restatement, Property, § 170, comment *a,* p. 661.) The right to compel partition and sale of real property is given to persons holding *and in possession* of such property as tenants in common (Civ. Prac. Act, §§ 1012, 1018), and it has been held with authority that the most liberal interpretation which can be given the words " holding and in possession " of lands will require at least a constructive possession or a present right to deal with the property at pleasure, in the individual seeking partition, as distinguished from a mere valid claim of right or an estate to vest in possession in the future. (*Sullivan* v. *Sullivan,* 66 N. Y. 37, 41.)

Section 1014 of the Civil Practice Act is derived from section 1533 of the Code of Civil Procedure, as amended in 1887. At common law and under the Revised Statutes, the law governing the right to bring an action for partition was similar to that now set forth in section 1012 of the Civil Practice Act (*Brinn* v. *Slawson & Hobbs,* 273 App. Div. 1, 3). Section 1012 provides: '' Where two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein; and for a sale thereof, if it appears that a partition thereof cannot be made without great prejudice to the owners.''

Prior to the adoption of the Code of Civil Procedure an action for the partition of real property could not be maintained by a remainderman against a person who held a life estate in the property sought to be partitioned (*Sullivan* v. *Sullivan,* 66 N. Y. 37, *supra*; *Harding* v. *Craft,* 21 App. Div. 139). By section 1533 of the code, authority was conferred to maintain an action for partition where two or more persons held as joint tenants, or as tenants in common, a vested remainder or reversion subject to the interest of the person holding the particular estate. But in such an action the property could not be sold (see *Soper* v. *Soper,* 222 App. Div. 103). By chapter 683 of the Laws of 1887, section 1533 of the Code of Civil Procedure was amended to read substantially as section 1014 of the Civil Practice Act reads today.

Neither section 1014 nor its predecessor, section 1533 of the Code of Civil Procedure, however, was enacted for the purpose of limiting the rights of tenants in common in possession of real property to compel partition and sale. Their sole purpose was to give rights under certain conditions to reversioners and remaindermen which they did not have at common law (*Brinn* v. *Slawson & Hobbs,* 273 App. Div. 1, 3, *supra*; *Hughes* v. *Hughes,* 11 Abb. N. C. 37, affd. 30 Hun 349).

*Soper* v. *Soper (supra)*, upon which the appellants rely, is readily distinguishable. There the plaintiff who sought partition held a vested remainder in common with others in a portion of the property involved in the action, subject to a life estate held by a defendant who did not consent to a sale. Concededly, the plaintiff in that action was not in possession of that portion of the property and had no right to possession until the termination of the life estate. Here, the respondents hold a present estate in enjoyment, not in expectancy, and,

insofar as the pleadings disclose, are in possession of the property within the meaning of the statute (cf. *Florence* v. *Hopkins*, 46 N. Y. 182, 186). By virtue of their ownership in fee of an undivided share which is not subject to the life tenancy, they have the same right to possess and occupy every part of the property involved as their sister, the appellant Wolgemuth, has under her life tenancy. Consequently, they have an absolute right to maintain this action (cf. *Valentine* v. *Healey*, 178 N. Y. 391; and, see, Restatement, Property, § 126, subd. 1, comment, p. 400), and that right is not limited or restricted by section 1014 of the Civil Practice Act.

The order insofar as appealed from should be affirmed, with $10 costs and disbursements.

BELDOCK, UGHETTA, KLEINFELD and CHRIST, JJ., concur.

Order insofar as appealed from affirmed, with $10 costs and disbursements.